PER CURIAM.
Euna Belle Mobley is seeking to recover damages for personal injuries allegedly sustained by her on November 24, 1967, when she fell over a wheelbarrow owned by Peoples Furniture Company and placed by that company as a display on the sidewalk in front of its store in Natchitoches, Louisiana. The defendant named is Reliance Insurance Company, the liability insurer of Peoples Furniture Company, and the amount sought is $98,000. Suit was filed April 25, 1968.
An exception of no cause of action was filed on May 31, 1968, on behalf of Reliance Insurance Company, on the grounds that plaintiff’s petition affirmatively reveals contributory negligence on the part of the plaintiff. This exception was tried and sustained and plaintiff was granted ten days within which to amend her petition.
Plaintiff amended her petition insofar as it itemized the alleged negligence of the defendant’s insured to read as follows:
“(a) In creating a trap and otherwise dangerous condition by placing a wheelbarrow on the sidewalk in such a position as to obstruct same to pedestrians who were or who foreseeably could have been distracted by the display window of Peoples Furniture Company;
(b) By failure to warn or otherwise call attention to the obstruction in the sidewalk from which plaintiff and others would have otherwise been distracted by the display of defendant’s insured;
(c) In placing an obstruction in a public way, to-wit: The sidewalk;
(d) Failure to do any act by which to avoid the incident complained of herein.”
Defendant again filed an exception of no cause of action on February 17, 1969, and at the same time filed an answer of general denial and alternatively pled contributory negligence on the part of the plaintiff.
Defendant subsequently took the deposition of plaintiff and then on June 9, 1969, filed a motion for summary judgment on the grounds that plaintiff’s deposition showed there was no genuine issue of material fact upon which to base a claim of liability on the part of defendant.
The motion for summary judgment was originally set for hearing on June 16, 1969, and was continued on motion of the plaintiff and was then argued and submitted on June 30, 1969, along with the exception of no cause of action. Judgment was rendered the same day and signed on July 3, 1969, sustaining the exception of no cause of action and dismissing plaintiff’s suit at her cost, from which judgment plaintiff has appealed.
Counsel for plaintiff urges that the trial Court erred in (1) sustaining defendant’s exception of no cause of action, (2) in apparently holding as a matter of law that the defendant was contributorily negligent *35 without a trial on the merits, and (3) alternatively, for failing to apply the civil law of doctrine of comparative negligence.
It is the opinion of this Court that the plaintiff’s petition as amended discloses a cause of action. Any determination as to the “obviousness” of the wheelbarrow and the resulting contributory negligence of the plaintiff are questions of fact to be determined upon the hearing on the merits. The question then was whether the trial Court was at liberty to consider the evidence introduced in connection with the motion for summary judgment and maintaining the exception of no cause of action.
The defendant cites the case of Roloff v. Liberty Mutual Insurance Co., 191 So.2d 901 (La.App. 4th Cir. 1966), as authority supporting the position that this can be done. In the Roloff case the defense filed a pleading entitled “Exception of No Cause or Right of Action and/or Motion for Summary Judgment.” After trial on the exception and motion the District Court sustained the exception of no right of action and dismissed the plaintiff’s suit. The Court of Appeal held that the defendant’s primary pleading was an exception of no cause of action and as a result the Court of Appeal was confronted with the provisions of Article 931 of the Louisiana Code of Civil Procedure prohibiting the introduction of evidence to support or controvert the objection that the petition failed to state a cause of action. The Court of Appeal felt that under LSA-C.C.P. Art. 966 evidence could be admitted and that in light of LSA-C.C.P. Art. 2164 the Court of Appeal could render any judgment which was “just, legal, and proper under the record on appeal.” The Fourth Circuit Court of Appeal felt it encumbent upon itself to regard the judgment of the trial Court as having granted the alternative motion for summary judgment rather than as having sustained the exception of no right (or no cause) of action.
In the present case the exception of no cause of action and the motion for summary judgment were filed at different times and it is noted that the motion for summary judgment was set for trial approximately two weeks prior to the trial of the exception of no cause of action and was continued at the instance of the plaintiff. Both matters, the exception of no cause of action and the motion for summary judgment, were then heard on June 30, 1969, with the trial Court rendering judgment sustaining the exception of no cause of action and dismissing plaintiff’s suit. No judgment was rendered relative to the motion for summary judgment.
Even if this were not the case, we do not agree with the holding in the Roloff case, supra. We feel that the provisions of Article 931 of the Code of Civil Procedure are explicit and the decision in the Roloff case provides a device for circumventing them. It would be a simple matter to combine a motion for summary judgment with each and every exception of no cause of action or no right of action, thereby allowing voluminous evidence to be introduced and considered. This would have the effect of rendering Article 931 of the Code of Civil Procedure useless insofar as it pertains to exceptions of no cause of action.
As a result of the foregoing we see no reason for discussing the remaining specifications of error.
For the above and foregoing reasons the judgment of the trial Court is reversed and the matter remanded to the District Court for trial hereof, the cost of this appeal to be borne by the defendant-appellee, the remaining costs to await the outcome of the suit.
Remanded.