191 So.2d 901 (1966)
Lyle ROLOFF, Individually and in behalf of his minor son Stephen E. Roloff,
v.
LIBERTY MUTUAL INSURANCE COMPANY.
No. 2370.
Court of Appeal of Louisiana, Fourth Circuit.
November 7, 1966.
*902 Garland R. Rolling, Metairie, for plaintiff-appellant.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Ashton R. Hardy, New Orleans, for defendant-appellee.
Before McBRIDE, JANVIER and BARNETTE, JJ.
BARNETTE, Judge.
Plaintiff filed this action, individually and on behalf of his minor son Stephen E. Roloff, against his automobile liability insurer. The basis of the suit was an accident on Pontchartrain Expressway in the city of New Orleans. Plaintiff alleged that his son Stephen Roloff was driving on the expressway when another car driven by an unknown person negligently forced him off the road and across the median strip, resulting in a collision with a car proceeding in the opposite direction on the expressway.
Plaintiff alleged that the policy issued by the defendant included uninsured motorist coverage applicable to "a hit-and-run driver and/or a driver who causes an accident and leaves the scene of the accident."
Defendant filed a pleading which it captioned an "Exception of No Cause or Right of Action and/or Motion for Summary Judgment." A copy of the insurance policy issued to plaintiff was attached to the pleading and a supporting memorandum accompanied it. Defendant's position in the exception and alternative motion was that the uninsured motorist provision did not cover an accident involving a hit-andrun driver unless there had been physical contact between the vehicle driven by the insured and the hit-and-run vehicle.
After a trial on the exception and motion, the district court sustained an exception of no right of action and dismissed plaintiff's suit. Plaintiff has appealed devolutively from the dismissal.
Before proceeding to a consideration of the policy coverage as applied to the accident, we think it proper to comment on the terminology applied to the proceedings in the district court. LSA-C.C.P. art. 927 recognizes the peremptory exception of no cause of action and the peremptory exception of no right of action, or no interest in the plaintiff to institute the suit. The difference between the two has been described as follows:
"* * * The former [no cause of action] is used to raise the issue as to whether the law affords a remedy to anyone for the particular grievance alleged by plaintiff; the latter [no right of action] is employed (in cases where the law affords a remedy) to raise the question as to whether plaintiff belongs to the particular class in whose exclusive favor the law extends the remedy, or to raise the issue as to whether plaintiff has the right to invoke a remedy which the law extends only conditionally." McMahon, The Exception of No Cause of Action in Louisiana, 9 Tul.L.Rev. 17, 29-30 (1934).
Defendant's exception of "no cause or right of action" is ambiguous, but the allegations of its pleading and the argument *903 in its memorandum clarifies that ambiguity in favor of the exception of no cause of action. Defendant's position is that the policy, which is the law between the parties, does not afford a remedy to anyone for this grievance.
Having concluded that defendant's primary pleading was an exception of no cause of action, we are faced with the provision of LSA-C.C.P. art. 931 which prohibits introduction of evidence to support or controvert the objection that the petition fails to state a cause of action. Since there are two elements of fact which are crucial to the maintenance of defendant's position (the specific terms of the policy and the existence or absence of physical contact between the vehicles) which do not appear in plaintiff's petition, an exception of no cause of action could not be maintained.
As noted above, defendant's pleading contained an alternative motion for a summary judgment which was an appropriate procedure in this instance. Under LSA-C.C.P. art. 966, evidence may be submitted in affidavit form to support a motion for summary judgment. The article provides in part:
"* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
In this case, defendant filed a certified copy of the policy with its pleading, and the fact that there was no physical contact between the vehicles was stipulated by plaintiff. Since LSA-C.C.P. art. 2164 requires us to render any judgment which is just, legal, and proper upon the record on appeal, we shall treat the judgment below as having granted defendant's alternative motion for summary judgment rather than as a maintenance of an exception of no right of action.
Under the summary judgment procedure, since no material fact is disputed, we must determine whether defendant is entitled to judgment as a matter of law. A simple reading of the policy indicates that it is.
The uninsured motorist provision states that the insurer agrees "to pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury * * * caused by accident and arising out of the ownership, maintenance, or use of such uninsured automobile * * *." (Emphasis added.) The policy then provides definitions to be used in interpreting the statement of coverage. The term "uninsured automobile" is defined both in the normal terms of an identified vehicle for which no liability policy is in effect and as a hit-and-run automobile.
The definitions then provide:

* * * * * *
"`hit-and-run automobile' means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (a) there cannot be ascertained the identity of either the operator or the owner of such `hit-and-run automobile'; * * *" (Emphasis added.)
Plaintiff contends that the policy is ambiguous in that it allows recovery for an "accident" in the statement of coverage, but then requires physical contact in dealing with hit-and-run automobiles. He argues that being forced off the road without actual physical contact constitutes an accident and should entitle him to recovery if the policy's alleged ambiguity is construed against the insurer.
There is no dispute that plaintiff's son was in an accident, as defendant readily concedes. What plaintiff's contention does not take into consideration is that to *904 recover under the policy he must establish two elements: the fact of the accident, and the fact that it was caused by an uninsured automobile. It is on the latter element that plaintiff has failed. The definition quoted above clearly limits the hit-and-run type of uninsured automobile to one which comes into physical contact with the insured. A car which causes an accident without coming into physical contact with the insured automobile and then leaves the scene and cannot be identified is not an "uninsured automobile" within the meaning of the policy. There is no ambiguity or conflict between this limitation on the meaning of the term and the statement in the policy that coverage is provided for bodily injury caused by an accident. We conclude that the policy does not apply to this accident, and, consequently, that plaintiff's suit should be dismissed.
For the reasons assigned, the judgment is affirmed. Plaintiff-appellant is to pay the costs of this appeal.
Affirmed.