313 So.2d 251 (1975)
Mrs. Antoinette C. RAY
v.
Rosemary D. DeMAGGIO et al.
No. 6662.
Court of Appeal of Louisiana, Fourth Circuit.
May 15, 1975.
Rehearing Denied June 11, 1975.
*252 Garland R. Rolling, Metairie, for plaintiff-appellant.
Wiedemann & Fransen, Lawrence D. Wiedemann, New Orleans, for St. Paul Fire & Marine Ins. Co. defendant-appellee.
Before SAMUEL, STOULIG and BEER, JJ.
STOULIG, Judge.
Plaintiffs, Mrs. Antoinette C. Ray and Lester J. and Helena C. Held, have appealed a summary judgment dismissing their suit against St. Paul Fire and Marine Insurance Company (St. Paul) brought under the uninsured motorist coverage provision in a liability policy issued to Mrs. Ray. They alleged the negligence of a hit-and-run driver set in motion a series of chain reaction rear-end collisions that involved four vehicles. Mrs. Ray, the driver, and Mrs. Held, the guest passenger, were seated in the lead car as it was stopped on Causeway Boulevard waiting for a traffic signal to change to green. It is alleged a hit-and-run driver rear-ended a car stopped third in the line of waiting traffic, which was propelled into the second, which in turn smashed into the rear of Mrs. Ray's vehicle.
Plaintiffs also cited the owners and insurers of cars 2 and 3 as defendants and eventually entered into compromise settlements with them. In dismissing the suits against these litigants, plaintiffs reserved their rights to proceed against St. Paul and now appeal the summary judgment dismissing their claims.
Defendant argues that either of two policy defenses warrants our affirming the district court's judgment. In essence defendant contends: (1) the lack of physical contact between Mrs. Ray's vehicle (No. 1) and the automobile of the hit-and-run driver (No. 4) negates coverage; or (2) plaintiffs' entering into a compromise settlement with the insurers of potential cotortfeasors of the uninsured motorist defeats coverage.
The provision of the policy cited to support the first defense provides in part:
"`[H]it-and-run automobile' means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident * * *." (Emphasis added.)
This argument was rejected by this court in a recent decision in "Ronald H. Springer and Terry C. Oltmann v. Government Employees Insurance Company, Inc. and Armond M. Traylor."[1] The provision requiring physical contact in that case is almost identical to that hereinabove quoted. We held the physical contact requirement *253 is satisfied if the physical contact by the uninsured vehicle strikes one or more intermediate vehicles which in turn strike the claimant. However "* * * the impact [to the claimant] must be the result of an unbroken chain of events with a clearly definable beginning and ending, occurring in a continuous sequence." On the face of the pleadings, the impact to Mrs. Ray's car was the culmination of a series of chain reaction rear-end collisions that clearly satisfy the one continuous sequence requisite. Therefore we reject the first argument of the defendant.
The second argument for dismissal of plaintiffs' suit is based on an exclusion, which states:
"Exclusions: This policy does not apply under Part IV: [the uninsured motorists section]

* * * * * *
(b) [T]o bodily injury to an insured with respect to which such insured * * * or any person entitled to payment under this coverage shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor * * *."
Plaintiffs' settlements of claims against the insurers of cars 2 and 3 were entered into without the consent of St. Paul, which would clearly contravene the quoted caveat and defeat their claim under uninsured motorists coverage, were this clause valid. However in its recent decision in Hebert v. Green,[2] the Supreme Court declared the "consent to settle" exclusion invalid because it tends to thwart the legislative declaration of public policy as expressed in the mandatory uninsured motorist coverage of R.S. 22:1406, subd. D. In reaching this result the court pointed out the clause served no valid purpose because failure to obtain its consent prior to settling with insurers of cotort-feasors in no way prejudices the uninsured motorist insurer's rights. Because such settlement does not increase the amount for which it can be liable or alter its subrogation rights in any way, the uninsured motorist carrier has no legitimate reason to reserve to itself a veto power over settlements with cotort-feasors as a requisite to urging a claim under uninsured motorist coverage. This exclusion being invalid, St. Paul's second defense fails.
For the reasons assigned the judgment appealed from is reversed, the motion for summary judgment is refused and dismissed, and this case is remanded to the trial court for further proceedings in accordance with law. Assessment of costs is to await the final disposition of this matter.
Reversed and remanded.
NOTES
[1] Proceeding No. 6586 of our docket. The opinion 311 So.2d 36, La.App. was rendered March 12, 1975.
[2] No. 55354 of the docket of the Supreme Court of Louisiana, 311 So.2d 223. The opinion in this matter, handed down March 31, 1975, overuled prior jurisprudence holding the "consent to settle" clause valid. When this case was briefed, argued and submitted, reported decisions favored defendant's position.