471 So.2d 922 (1985)
John T. HARRISON and Robert E. Harrison, Plaintiff-Appellants,
v.
COMMERCIAL UNION INSURANCE COMPANY, Defendant-Appellee.
No. 17029-CA.
Court of Appeal of Louisiana, Second Circuit.
June 12, 1985.
*923 Johnson & Thornton by James J. Thornton, Jr., Shreveport, for appellants.
Lunn, Irion, Switzer, Johnson & Salley by Ronald E. Raney, Shreveport, for appellee.
Before MARVIN, FRED W. JONES, Jr. and LINDSAY, JJ.
LINDSAY, Judge.
Plaintiffs, John T. Harrison and Robert E. Harrison, appeal from the judgment of the trial court in favor of defendant, Commercial Union Insurance Company, in their action for personal injury damages. We affirm the judgment of the trial court for the following reasons.
Plaintiffs, John Harrison and Robert Harrison, instituted this suit on October 12, 1983. Plaintiffs alleged that on or about March 7, 1983 at approximately 7:00 p.m., they were driving eastward on Interstate 20 in Shreveport, Louisiana in a 1982 Chevrolet pickup truck owned by plaintiff, John Harrison. Robert Harrison was driving and John Harrison was a passenger. Plaintiffs alleged that as they rounded a curve in the inside lane of the highway, they encountered several large bags of phosphate which were obstructing the lane of traffic. They alleged that they were unable to avoid a collision with the obstruction despite protective actions. After striking the bags, the plaintiffs' vehicle careened into a concrete safety wall, flipped over the wall and then crashed onto the surface of another street approximately twenty feet below the interstate. Plaintiffs alleged that diligent efforts to identify the owner of the phosphate bags had been unsuccessful and that the sole, proximate cause of the accident and the resulting personal injuries to the plaintiffs were the fault and negligence of an unknown and/or uninsured motorist. Plaintiffs alleged that defendant, Commercial Union Insurance Company, had issued an automobile liability insurance policy which was in effect at the time of the accident and which provided uninsured motorist coverage to plaintiffs. Plaintiffs averred that under the terms and conditions of the uninsured motorist insurance policy, defendant was obligated to indemnify them for the damages they sustained from the negligent ownership, maintenance and use of the unknown and/or uninsured or underinsured vehicle.
Defendant filed a motion for summary judgment on July 2, 1984, alleging that the uninsured motorist provisions of the policy requires that there be physical contact between the unidentified hit and run vehicle and the person or vehicle insured under the policy and that the plaintiffs' original petition made no allegations of contact between the plaintiffs' vehicle and a hit and run vehicle.
The trial court granted the defendant's motion finding that the plaintiffs had not established that the bags with which they had collided fell from any vehicle whatsoever or that the vehicle from which the bags fell was uninsured or underinsured. Further, plaintiffs failed to establish that any contact was made between their vehicle and the vehicle from which the bags might have fallen. Therefore, the injuries sustained by the plaintiffs were excluded from coverage under the provisions of the uninsured motorist policy.
On appeal, the sole issue before this court is whether the trial court erred in finding that physical contact with the hit and run vehicle is necessary for coverage under the provisions of the uninsured motorists insurance policy.
Plaintiffs essentially argue that the physical contact requirement of the policy is satisfied when there is contact between the insured vehicle and some part, appurtenance or cargo of the hit and run vehicle. Therefore, the collision of the insured vehicle with the phosphate bags, which most *924 probably fell from a vehicle onto the highway, would fall within the coverage of the uninsured motorist policy.
A review of the pertinent jurisprudence reveals that the trial court did not err in granting defendant's motion for a summary judgment due to the lack of physical contact between the insured vehicle and the hit and run vehicle.
The pertinent provision of the plaintiffs' uninsured motorist insurance policy provides as follows:
..."Uninsured motor vehicle" means a land motor vehicle or trailer... (w)hich is a hit-and-run vehicle and neither the driver nor owner can be identified. The vehicle must hit an insured, a covered auto or a vehicle an insured is occupying...
From a reading of the above provision, it is clear that it is not necessary that plaintiffs prove that the hit and run vehicle is uninsured or underinsured as it is specifically defined as a vehicle where neither the driver or the owner can be identified. However, physical contact between the hit and run vehicle and the insured, covered auto or the vehicle which the insured is occupying is required for coverage under the terms of the policy.
It is well-settled that the requirement that there be physical contact between the unidentified hit and run driver and the insured vehicle in an uninsured motorist insurance policy is valid and enforceable and is not contrary to public policy. Oliver v. Jones, 370 So.2d 638 (La.App. 4th Cir.1979), affirmed 376 So.2d 1256 (La.1979), Tyler v. State Farm Mutual Automobile Ins. Co., 290 So.2d 388 (La.App. 2d Cir.1974), Lemieux v. Prudential Ins. Co., 416 So.2d 1347 (La.App. 1st Cir.1982), writ denied 420 So.2d 454 (La.1982), Carter v. Leonard, 413 So.2d 244 (La.App. 4th Cir.1982), writ denied 420 So.2d 442 (La.1982), Gex v. Doe, 391 So.2d 69 (La.App. 4th Cir.1980), writ denied 396 So.2d 899 (La.1981), April v. Millers Mutual Fire Insurance Co. of Texas, 273 So.2d 50 (La.App. 4th Cir.1973) and Roloff v. Liberty Mutual Insurance Company, 191 So.2d 901 (La.App. 4th Cir.1966).
In examining similar policy provisions, the court in Collins v. New Orleans Public Service, Inc., 234 So.2d 270 (La.App. 4th Cir.1970), writ denied 236 So.2d 503 (La. 1970), noted that these provisions are neither required nor prohibited by the uninsured motorist statute and the parties to the insurance contract are free to limit or restrict them in any manner they see fit.
The purpose of the physical contact requirement is the prevention of fraudulent claims in which the insured may claim the one-car accident was caused by some phantom automobile. See Springer v. Government Employees Ins. Co., Inc., 311 So.2d 36 (La.App. 4th Cir.1975), writ denied 313 So.2d 598 (La.1973).
The requirement of actual physical contact between the hit and run vehicle and the insured automobile has been relaxed somewhat in Ray v. DeMaggio, 313 So.2d 251 (La.App. 4th Cir.1975) and Springer v. Government Employees Ins. Co., Inc., supra.
In these cases, there was contact between a hit and run vehicle and an intermediate vehicle which began a sequence or chain of events eventually resulting in a collision involving the insured vehicle and an intermediate vehicle. In both cases, there was no direct physical contact between the insured vehicle and the hit and run vehicle. However, the court found that the physical contact requirement was satisfied as the collision was the result of an unbroken chain of events occurring in a continuous sequence with a clear beginning and ending. In other words, the injury-causing impact had a complete, proximate, direct and timely relationship with the first impact between the hit and run vehicle and the intermediate vehicle.
In the instant case, there are no allegations by the plaintiffs of any type of physical contact whatsoever with a hit and run vehicle which resulted in the accident, nor is there a showing of a "chain of events" situation. Therefore, this court finds that plaintiffs are thus excluded from coverage under the express terms of the policy.
*925 For these reasons, the judgment of the trial court in favor of defendant, Commercial Union Insurance Company, is affirmed at the costs of the plaintiffs, John T. Harrison and Robert T. Harrison.
AFFIRMED.