517 So.2d 331 (1987)
Richard CHAPMAN and Connie Bryant, Individually and on Behalf of Her Minor Children, Derrick P. Bryant and Alvin Hennegan
v.
STATE of Louisiana, Through the DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, XYZ Sugar Cane Trucking Company and Allstate Insurance Company.
No. CA 86 1216.
Court of Appeal of Louisiana, First Circuit.
November 10, 1987.
Writ Denied January 8, 1988.
Michael J. Samanie of Samanie & Barnes, Houma, for plaintiff-appellant Richard Chapman and Connie Bryant, et al.
Ronald R. Thompson, Baton Rouge, for defendant-appellee State of La., Dept. of Transp. and Development.
Stephen M. Larussa, Houma, for defendant-appellee Allstate Ins. Co.
Before LANIER, CRAIN and LeBLANC, JJ.
LeBLANC, Judge.
In this personal injury suit, plaintiffs, Richard Chapman and Connie Bryant, individually and on behalf of her minor children, Derrick P. Bryant and Alvin Hennegan, appeal from the granting of a summary judgment in favor of defendant, Allstate Insurance Company (Allstate).
On December 20, 1985, Ms. Bryant was driving Mr. Chapman's automobile on a rural highway when she struck a sixty foot *332 long pile of sugarcane lying in the road, and lost control of the vehicle. As a result, Bryant and her two minor sons, who were guest passengers, allegedly sustained severe personal injuries. It is not known how the sugarcane came to be on the road. Plaintiffs allege that it obviously was dropped onto the road by an unknown sugarcane truck. Plaintiffs filed suit against the State Department of Transportation and Development; XYZ Sugar Cane Trucking Company, the unidentified owner of the truck which allegedly dropped the sugarcane; ABC Insurance Company, the fictitious insurer of XYZ Sugar Cane Trucking Company; and, Allstate, Chapman's insurer. Plaintiffs sought recovery from Allstate under the uninsured motorist (UM) provision of Chapman's insurance policy. Allstate filed a motion for summary judgment, contending coverage was excluded because there was no physical contact between Chapman's automobile and the unidentified truck itself as required under the terms of the policy. The trial court granted Allstate's motion and dismissed plaintiffs' claim against it. Plaintiffs have appealed this judgment.
A motion for summary judgment should be granted only if there is no issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966 B; Nathans v. Vuci, 443 So.2d 690, 696 (La.App. 1st Cir.1983). There are no disputed facts in the present case. The sole issue is whether the trial court erred in concluding Chapman's UM insurance does not provide coverage because there was no physical contact between Chapman's automobile and the alleged hit-and-run vehicle.
The applicable provision of Chapman's policy defines an uninsured vehicle as:
... a hit-and-run motor vehicle which causes bodily injury to an insured person by physical contact with the insured person or with a vehicle occupied by that person. The identity of the operator and the owner of the vehicle must be unknown... (underscoring added)
Plaintiffs concede that recovery is due under this provision only if the requirement of physical contact with the hit-and-run vehicle is met. Although plaintiffs admit there was no actual physical contact between the alleged hit-and-run truck and Chapman's vehicle, they argue this requirement was met by the physical contact which did occur between Chapman's vehicle and the truck's cargo (the sugarcane). We disagree.
In support of their position, plaintiffs rely on Ray v. DeMaggio, 313 So.2d 251 (La.App. 4th Cir.1975) and Springer v. Government Employees Ins. Co., Inc., 311 So.2d 36 (La.App. 4th Cir.), writ denied, 313 So.2d 598 (1975). The court in these cases seemed to relax the physical contact requirement in situations where there was physical contact between the hit-and-run vehicle and an intermediate vehicle which began a chain of events culminating in a collision between the insured's vehicle and the intermediate vehicle. In Ray and Springer, the Fourth Circuit concluded the physical contact requirement was satisfied because the collision of the insured's vehicle resulted from an unbroken chain of events occurring in a continuous sequence with a clear beginning and ending. Without expressing any opinion on this issue, we note that, even if this Court subscribed to the Fourth Circuit's rationale, plaintiffs still would not prevail. Although the collision was clearly the last in a sequence of events, nothing is known about what transpired prior to the collision. There is no basis for concluding the collision was the culmination of an unbroken chain of events occurring in a continuous sequence.
In this case, the UM provision of Chapman's policy is clear and unambiguous in providing that there be coverage only in instances where there was physical contact with the hit-and-run vehicle. It is well-settled that such physical contact requirements are valid, enforceable and not against public policy. St. Amant v. Aetna Cas. and Sur. Co., 499 So.2d 322 (La.App. 1st Cir.1986); Harrison v. Commercial Union Ins. Co., 471 So.2d 922 (La.App. 2d Cir.1985). Since there were no disputed facts and the physical contact requirement had not been met in the present case, Allstate was entitled to judgment as a matter *333 of law. The trial court properly rendered summary judgment in favor of Allstate.
For the above reasons, the judgment of the trial court is affirmed. Plaintiffs are to pay all costs of appeal.
AFFIRMED.