516 So.2d 1303 (1987)
Ronald G. COCHRAN, Plaintiff-Appellant,
v.
RIGGINS HEAVY HAULING, et al, Defendant-Appellee.
No. 19209-CA.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1987.
Rogers M. Prestridge, Bossier City, for plaintiff-appellant.
Claude W. Bookter, Jr., Shreveport, for defendant-appellee.
Before SEXTON, NORRIS and LINDSAY, JJ.
SEXTON, Judge.
The plaintiff has appealed the summary judgment which dismissed his suit against State Farm Mutual Automobile Insurance Company, his uninsured motorist insurer. We affirm the judgment of the trial court.
The basis of the suit is an accident which occurred on U.S. Highway 171 when an 18-wheeler allegedly steered into the plaintiff's lane of travel and forced the plaintiff off the road. Although the truck failed to stop after the accident, the plaintiff asserts that he saw the name "Riggins Heavy Haulers" on the door of the truck. The plaintiff alleges that the accident was caused by the negligence of the trucking company and its driver. The plaintiff also alleges that State Farm is liable to him under the "hit-and-run" provision of the uninsured motorist coverage of his policy because the unidentified driver of the truck failed to stop after the accident. The trucking company denies that any of its vehicles were on Highway 171 on the day of the accident.
State Farm filed a motion for summary judgment in which it argued that uninsured motorist coverage was not available for the following reasons: (1) the plaintiff identified the owner of the truck and that party had sufficient liability insurance on all of their trucks and drivers to cover the amount of the plaintiff's claim, and (2) if this company is not the trucking company whose driver caused the accident and the liable company is thus unidentifiable, no uninsured motorist coverage exists because there was no contact between the truck and the plaintiff's vehicle.
An uninsured motor vehicle is defined in the instant policy as follows:
a "hit-and-run" land motor vehicle whose owner or driver remains unknown and which strikes:

*1304 (a) the insured or
(b) the vehicle the insured is occupying and causes bodily injury to the insured.
The rationale behind this provision has been noted to be that:
The insured bears the burden of proof to establish every fact essential to a cause of action under the policy coverage. One essential element is proof that the negligent motorist was uninsured. When the owner and driver of the adverse vehicle cannot be identified, the insured is unable to prove lack of insurance. Therefore, the inclusion of coverage for a hit and run vehicle allows recovery under circumstances in which the insured otherwise could not carry the burden of proof, and the insurer may impose the physical contact requirement on this voluntary extension of coverage.
15 S. McKenzie and A. Johnson, Louisiana Civil Law Treatise, § 111 (1986) at pp. 234-235. (footnote omitted).
The basis on which the trial court granted the motion was that there was no physical contact between the two vehicles.[*] The requirement of physical contact has been held valid in numerous cases. Harrison v. Commercial Union Insurance Company, 471 So.2d 922 (La.App. 2d Cir. 1985); Tyler v. State Farm Mutual Automobile Insurance Company, 290 So.2d 388 (La.App. 2d Cir.1974); Oliver v. Jones, 370 So.2d 638 (La.App. 4th Cir.1979); Collins v. New Orleans Public Service, Inc., 234 So.2d 270 (La.App. 4th Cir.1970), writ denied 256 La. 375, 236 So.2d 503 (1970); Roloff v. Liberty Mutual Insurance Company, 191 So.2d 901 (La.App. 4th Cir.1966). The purpose of this requirement is to prevent fraudulent claims in which the insured may claim that a one-car accident was caused by a phantom automobile. Harrison v. Commercial Union Insurance Company, supra.
Moreover, the jurisprudence is clear that if the insured is injured as a result of having to take evasive action to avoid being hit by an unknown driver but the two cars never touch, there is no coverage under the hit-and-run provision. Lemieux v. Prudential Insurance Company, 416 So.2d 1347 (La.App. 1st Cir.1982), writ denied, 420 So. 2d 454 (La.1982); Gex v. Doe, 391 So.2d 69 (La.App. 4th Cir.1980), writ denied, 396 So. 2d 899 (La.1981); Oliver v. Jones, supra; Hensley v. Government Employees Insurance Company, 340 So.2d 603 (La.App. 1st Cir.1976), writ denied, 342 So.2d 224 (La. 1977); Collins v. New Orleans Public Service, Inc., supra.
The plaintiff makes a rather interesting argument that physical contact did occur between the truck and his car. While he concedes that the body of the truck did not touch his car, he argues that the wind generated by the passing truck hit the plaintiff's vehicle and thereby pushed him off the road.
The plaintiff relies on one case to support his positionSpringer v. Government Employees Insurance Company, 311 So. 2d 36 (La.App. 4th Cir.1975), writ denied, 313 So.2d 598 (La.1975). In that case, Car A struck Car B which in turn struck Car C, the plaintiff's car. Car A left the scene of the accident. The court found Car A to be a hit-and-run vehicle, despite the fact that the physical contact did not occur with the plaintiff's car, but instead occurred with an intermediate vehicle. The court held that the physical contact referred to in the insurance policy
includes the physical contact of that vehicle with an intermediate vehicle or other object which, in the same mechanism of the accident, strikes the assured's vehicle. We limit this to the type of factual situation existent here. Specifically, the injury causing impact must have a complete, proximate, direct and timely relationship with the first impact between the hit-and-run vehicle and the intermediate vehicle. In effect, the impact *1305 must be the result of an unbroken chain of events with a clearly definable beginning and ending, occurring in a continuous sequence.
Springer v. Government Employees Insurance Company, supra, at pp. 39-40. (emphasis supplied).
This case is clearly distinguishable from the present situation. The Springer court specifically limited its interpretation of the hit-and-run provision to the situation in which the hit-and-run vehicle struck an intermediate vehicle, setting off a chain of events which resulted in the plaintiff's car being hit.
In Harrison v. Commercial Union Insurance Company, supra, this Circuit refused to relax this requirement of contact to allow it to encompass a collision between the plaintiff's car and some bags of phosphate that allegedly had fallen from an unknown vehicle. The court found that there was no allegation of contact with a hit-and-run vehicle nor a showing of "a chain of events" situation, as in Collins, supra.
Similarly, in the present case, there are no allegations of actual physical contact with a hit-and-run vehicle. There are also no allegations that the plaintiff's accident occurred as a result of a chain of events in which the hit-and-run vehicle struck an intermediate vehicle.
Additionally, we should note that State Farm reiterated, but not at length, a point asserted in the trial court which is that in the instant case the negligent party is known, having been identified by the plaintiff, and that this party has sufficient liability insurance ($500,000) to cover the plaintiff's alleged damages ($245,000).
In asserting his uninsured claim against State Farm, plaintiff seemingly alleges that the hit-and-run provision applies because the driver of the truck is unknown. The implication is that it does not matter that the owner is known. The hit-and-run provision should be interpreted in such a manner as to be consistent with the rationale for it. Thus, the provision should be read to require that both the owner and the operator be unknownbecause if one of them is known, then the vehicle is not a hit-and-run vehicle and the hit-and-run provision does not apply. Accord, Powell v. Hendon, 308 So.2d 851 (La.App. 2d Cir. 1975); Arceneaux v. Motor Vehicle Casualty Company, 341 So.2d 1287 (La.App. 3rd Cir.1977); Frazier v. Jackson, 231 So. 2d 629 (La.App. 4th Cir.1970); Box v. Doe, 221 So.2d 666 (La.App. 4th Cir.1969), writ denied 254 La. 457, 223 So.2d 868 (1969).
A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C. C.P. Art. 966; State, Through Department of Highways v. City of Pineville, 403 So.2d 49 (La.1981); Dixie Campers, Inc. v. Vesely Company, 398 So.2d 1087 (La.1981); Swindle v. Haughton Wood Company, 458 So.2d 992 (La.App. 2d Cir.1984).
There is no genuine issue as to a material fact in the instant case. The plaintiff concedes that no part of the truck touched his car. Contact with air generated by a passing vehicle is not the kind of physical contact required by the provision. The jurisprudence is clear that when there is no physical contact, there is no hit-and-run vehicle, and uninsured motorist coverage is not available under this provision. Moreover, it appears that the owner of the truck may be known. The judgment of the trial court is therefore affirmed at appellant's cost.
AFFIRMED.
NOTES
[*] The trial court did not address State Farm's first argument that the owner of the truck was identified.