528 So.2d 1091 (1988)
Aaron FORE
v.
The TRAVELERS INSURANCE CO.
No. CA-8210.
Court of Appeal of Louisiana, Fourth Circuit.
July 12, 1988.
Rehearing Denied August 11, 1988.
R. Justin Garon, Garon, Brener & McNeely, New Orleans, for plaintiff-appellant Aaron Fore.
Bernard S. Dolbear, New Orleans, for defendant-appellee The Travelers Ins. Co.
*1092 Before BARRY, ARMSTRONG and PLOTKIN, JJ.
ARMSTRONG, Judge.
The plaintiff, Aaron Fore ("Fore") brought this action against Travelers Insurance Company ("Travelers") to recover under his uninsured motorist policy. The district court granted summary judgment for Travelers, dismissing Fore's action, because Fore failed to allege direct physical contact between his car and that of the alleged hit-and-run truck. For the reasons that follow, we reverse and remand.

I.
Fore was driving his car on Interstate 10 in Louisiana. A truck was immediately ahead of him. The tailgate of the truck opened and part of the truck's load of dirt and debris fell onto the windshield and hood of Fore's car. Fore attempted to avoid the dirt and debris by slamming on his brakes to no avail. Consequently, he lost control of his car, swerved off the highway into a ditch, and was injured. The truck continued on without stopping and Fore was unable to identify the truck by license plate number or otherwise. Only the dirt and debris touched Fore's car, and there was never any contact between the truck itself and Fore's car.[1]
The Traveler's insurance policy issued to Fore provides that Travelers will pay to Fore "damages that [Fore] is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury suffered by [Fore] and caused by accident". The Traveler's policy defines the term "uninsured motor vehicle" as including a vehicle "which is a hit-and-run highway vehicle, if neither the driver nor the owner can be identified, which causes bodily injury [to Fore] by physical contact with [Fore] or a vehicle occupied by [Fore]".[2]

II.
The issue is whether the truck ahead of Fore's car, from which dirt and debris fell onto Fore's windshield and roof, meets the definition of "uninsured motor vehicle" as set out in the Travelers policy. There is no doubt, under the facts stated above, that neither the driver nor the owner of the truck can be identified. The specific question is whether the truck caused bodily injury to Fore "by physical contact" with Fore's car. We hold that the fall of the dirt and debris onto Fore's car, with the immediately resulting accident, meets the "physical contact" requirement of the Traveler's policy definition.
In Springer v. Government Employees Insurance Co., 311 So.2d 36 (La.App. 4th Cir.), writ denied, 313 So.2d 598 (La.1975), we held that the "physical contact" requirement of the uninsured motorist policy was met even though there was no physical contact directly between the plaintiff's car and the uninsured vehicle. The uninsured vehicle in Springer hit a car traveling in the direction opposite to the plaintiff's car. The car hit by the uninsured vehicle was thrown off course, entered the lane in front of the plaintiff's car, and had a head on collision with the plaintiff's car.
Despite the lack of direct physical contact between the Springer plaintiff's car and the uninsured vehicle, we found there to be uninsured motorist coverage:
"We hold that the [words] the `physical contact of such vehicle' includes the physical contact of that vehicle with an intermediate vehicle or other object which, in the same mechanism of the accident, strikes the assured's vehicle. We limit this to the type of factual situation existent here. Specifically, the injury causing impact must have a complete, proximate, direct and timely relationship *1093 with the first impact between the hit-and-run vehicle and the intermediate vehicle. In effect, the impact must be the result of an unbroken chain of events with a clearly definable beginning and ending, occurring in a continuous sequence."
Accord Ray v. DeMaggio, 313 So.2d 251 (La.App. 4th Cir.1975) (chain reaction rear-end collision).
In the present case, the dirt and debris which fell from the truck certainly constitutes "an intermediate ... object which ... strikes the assured's vehicle". 311 So.2d at 39. It is equally undisputable that the "impact" on Fore's car is the "result of an unbroken chain of events with a clearly definable beginning and ending, occurring in a continuous sequence." 311 So.2d at 40. The facts of Springer are different from the present case in that Springer involved an "intermediate car" whereas the present case involves an "intermediate object". However we see no reason for distinguishing between the uninsured vehicle causing a car to strike the plaintiff's car and the uninsured vehicle causing dirt and debris to strike the plaintiff's car so long as the causation is "complete, proximate, direct and timely". Indeed, this is suggested (in dicta) in Springer by its reference to "an intermediate vehicle or other object" (emphasis added) and in the opinion denying rehearing. 311 So.2d at 44.
We are satisfied that our holding does no violence to the purpose of the policy's "physical contact" requirement. The "physical contact" requirement is not a mere technicality. It is a safeguard against fraud. Springer, 311 So.2d at 44. If "miss-and-run" accidents were covered by uninsured motorist insurance, then drivers injured in one-car collisions could easily blame a non-existent miss and run car. Id. Cases with actual physical contact, hit-and-run cases, are far more likely to leave tangible evidence such as damage to the plaintiff's car. This is about as equally likely to occur with "intermediate object" impact as with "intermediate car" impact and direct contact with uninsured vehicles. In the present case, following the accident, Fore took his car to a Traveler's claim center. The windshield had to be replaced, there were marks on the hood, and the dirt and debris were still on Fore's car.
We are also satisfied that our decision is consistent with Harrison v. Commercial Union Insurance Company, 471 So.2d 922 (La.App. 2d Cir.1985). In Harrison, the plaintiff's car struck several large bags of phosphate which were laying in the roadway. The Harrison plaintiff argued that bags of phosphate must have fallen from a truck, that the truck driver and owner were unidentified, and therefore there was coverage under our Springer and Ray decisions. Apparently because the bags were not seen to fall from a truck, and apparently had been in the roadway for some time before the plaintiff's car came upon them, the Harrison court found that there was not the rapid-fire "chain of events" situation, 471 So.2d 924, present in the Springer and Ray cases. In the present case, the fall of the dirt and debris was observed by Fore, was directly from the truck onto Fore's car, and there was no delay at all between the fall and the impact with Fore's car.
We are also satisfied that our decision is not inconsistent with Cochran v. Riggins Heavy Hauling, 516 So.2d 1303 (La.App. 2d Cir.1987). In that miss-and-run case, the plaintiff argued that the "physical contact" requirement was met by wind from the miss-and-run vehicle.
The plaintiff makes the rather interesting argument that physical contact did occur between the truck and his car. While he concedes that the body of the truck did not touch his car, he argues that the wind generated by the passing truck hit the plaintiff's vehicle and thereby pushed him off the road.
516 So.2d at 1304. The Cochran court rejected the plaintiff's "wind" argument and found that there was no physical contact.
We believe that the Cochran case is distinguishable from the Springer case and the present case for two reasons. First, unlike the dirt and debris of the present case, wind is not a tangible "intermediate object" within the meaning of the Springer *1094 opinion. Second, were "wind" an intermediate object so as to satisfy the physical contact requirement, then the fraud prevention purposes of the physical contact requirement would be completely frustrated. Accordingly, the judgment of the trial court is reversed and remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] The facts stated here are taken from Fore's affidavit submitted in opposition to Traveler's motion for summary judgment. Because there is at least a genuine issue as to their correctness (Travelers did not contest them for purposes of its motion for summary judgment), we will assume, for purposes of this appeal, that they are true. Of course, their actual truth is subject to determination on remand.
[2] The terms "highway vehicle" and "occupied" are defined in The Travelers policy but those definitions are not germane to the issue in this case.