GARRISON, Judge.
Plaintiff, Walter Brock, filed suit against Aetna Casualty and Surety Company, his uninsured motorist insurance carrier, for damages for personal injuries and property damage sustained in a vehicular accident which occurred on December 20, 1987 near the Poydras Street exit of the Claiborne overpass in New Orleans. Plaintiff alleged that the accident was caused by an unknown motorist whose vehicle struck plaintiff’s vehicle from behind causing plaintiff to lose control of his vehicle and crash into a concrete barrier on the overpass. According to the plaintiff, the unknown motorist fled the scene of the accident.
Trial was held on the issue of liability only. After trial, the trial judge rendered judgment assigning twenty percent liability to the plaintiff and eighty percent liability to the unknown motorist who struck the plaintiff. The defendant appealed the trial court judgment.
On appeal, the appellant argues that the trial judge was manifestly erroneous in finding that appellee’s vehicle was struck by an unknown motorist causing this accident. Specifically, the appellant argues that the evidence presented at trial did not establish that any other vehicle was involved in appellee’s accident. Therefore, appellants contend that appellee is not entitled to recover under his uninsured motorist insurance policy.
At trial, the appellee testified that, sometime after midnight on December 20, 1987, he was traveling home after attending a meeting when his vehicle was struck from the rear three times by another vehicle on the Claiborne overpass in New Orleans. According to appellee, he did not stop his vehicle after the first two times that he was struck because he feared that he was being set up to be robbed. The third impact caused the appellee to lose control of his vehicle which subsequently struck the barrier dividing the Poydras Street down-ramp from the Claiborne overpass. Mr. Brock testified that the accident left him unconscious and he did not regain consciousness for three days. Appellee denied drinking alcohol prior to this accident. He also testified that he has never learned the identity of the driver who struck him from the rear three times on the morning of December 20, 1987.
*476 On cross-examination, counsel for the appellant attempted to impeach appellee’s credibility by pointing out inconsistencies in his trial testimony and deposition as to the time and location of the accident as well as the points of impact and damage to his vehicle. Appellant also elicited testimony from appellee regarding a prior arrest for driving while intoxicated in an attempt to discredit appellee’s testimony that he had not consumed alcohol prior to the accident in question.
The defense called two witnesses, the investigating officer and an accident reconstruction expert. The investigating officer, Lemmie Rogers, Jr., testified that he arrived at the scene of the accident at approximately 2:00 a.m. on December 20, 1987. He did not witness the accident but when he arrived, only the appellee’s vehicle which had run into an embankment was present. Officer Rogers testified that ap-pellee was still conscious when he arrived at the scene and that he smelled alcohol on the appellee’s breath. However, he admitted that he did not wait to have the appel-lee’s alcohol content tested at the hospital because the police department was understaffed that night. The officer testified that appellee’s vehicle was damaged primarily on the right front side and did not have any apparent rear damage. Officer Rogers issued a citation to plaintiff for careless operation of a motor vehicle.
On cross-examination, Officer Rogers admitted that he did not make any notation in his accident report about the smell of alcohol on appellee’s breath. He also stated that he found no alcohol containers in the vehicle.
Joseph Andre, the accident reconstruction expert hired by the defense, testified that he inspected appellee’s vehicle for the first time on May 6, 1988 (almost five months after the accident) and also viewed pictures taken on May 17, 1988 of the concrete barrier struck by appellee’s vehicle. He found no evidence to indicate any contact damage to the rear of appellee’s vehicle but noticed that the right rear tail light was missing. His opinion as to how the damage to appellee’s vehicle was incurred is that the left front of the car struck the concrete barrier causing the vehicle to rotate counterclockwise and sustain additional damage to the right rear of the vehicle.
In his reasons for judgment, the trial judge stated that the plaintiff proved by a preponderance of the evidence that his vehicle was struck by an unknown driver. The trial judge also stated that he believed that the plaintiff was drinking on the night of the accident but that the evidence did not establish plaintiff’s alcohol consumption to be a proximate cause of the accident and plaintiff’s injuries. Accordingly, the trial judge assigned twenty percent liability to the plaintiff and eighty percent liability to the unknown motorist who struck the plaintiff.
In order to recover under an uninsured motorist insurance policy for damages allegedly caused by a hit and run motorist, a plaintiff must prove that there was physical contact between the hit and run vehicle and the vehicle of the insured or between a hit and run driver and an intermediate vehicle which began a sequence or chain of events eventually resulting in a collision involving the insured vehicle and an intermediate vehicle. Harrison v. Commercial Union Insurance Company, 471 So.2d 922 (La.App. 2nd Cir.1985).
In this case, the plaintiff testified that the rear of his vehicle was struck three times by a hit and run driver and that the third contact by the hit and run vehicle caused him to lose control of his vehicle and collide into a concrete barrier. The investigating officer testified that when he arrived at the scene of the accident, there was no damage to the rear of plaintiff’s vehicle. The accident reconstruction expert hired by the defense testified that there was no damage to the rear of plaintiff’s vehicle other than a missing tail light.
The trial judge evaluated the credibility of all of the witnesses and apparently chose to believe plaintiff’s version of how this accident occurred. Of the three witnesses at this trial, plaintiff was the only one who was present when the accident *477 occurred. Because of this fact and the fact that the trial judge was in the best position to evaluate the credibility of the witnesses, we do not find that the judgment in favor of the plaintiff in this case was manifestly erroneous. Therefore, the trial court judgment is affirmed.
AFFIRMED.