[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an application for an order to vacate an arbitration award. The parties have stipulated to certain CT Page 2655 facts in this matter. On or about September 15, 1987, in consideration of the premium specified in the policy, the defendant Nationwide Mutual issued an automobile insurance policy to Anna Karzian, wife of the plaintiff Todd Karzian. Pursuant to the insurance policy, the defendant agreed to pay all sums which an insured or his legal representative shall be legally entitled to recover for bodily injuries and damages from the owner or driver of an uninsured motor vehicle. On October 16, 1987, when the policy was in full force and effect, the plaintiff sustained bodily injuries when the motorcycle he was riding skidded on anti-freeze on Route 72 in New Britain, Connecticut, such anti-freeze having been left by another vehicle. The definition of uninsured motor vehicle in the policy provides in pertinent part: "a hit and run motor vehicle which causes bodily injury to an insured by physical contact with such person or a vehicle he is occupying." An arbitration hearing was held and the arbitrators found there to be no coverage of the plaintiff's claim.
The arbitrators reached their decision based upon the conclusion that the plaintiff had not complied with the physical contact requirement. The decision of the arbitrators was premised upon the validity of the physical contact requirement as this requirement was upheld in Rosnick v. Aetna Casualty and Surety Co., 172 Conn. 416, 423 (1977). Approximately eleven, days after the arbitrators issued their decision, the Rosnick case was overruled by Streitweiser v. Middlesex Mutual Assurance Co., 219 Conn. 371, 381 (1991) which invalidated the physical contact requirement by holding that the "physical contact requirement is inconsistent with statutorily mandated uninsured motorist coverage."
Every reasonable presumption and intendment will be made in favor of the arbitration award and the arbitrator's acts and proceedings. Board of Education v. Waterbury Teacher's Assn., 216 Conn. 612, 617-18 (1990). Nevertheless, "where judicial review of compulsory arbitration proceedings required by section 38-175c(a)(1) [the uninsured motorist statute now designated as section 38a-336 (c)] is undertaken under General Statutes section 52-418, the reviewing court must conduct a de novo review of the interpretation and application of the law by the arbitrators." American Universal Ins. Co. v. DelGreco,205 Conn. 178, 191 (1987).
The cases cited by the arbitrators in their decision simply hold that various foreign substances found on a roadway, ultimately causing an auto accident, are not sufficient to satisfy the physical contact requirement even if such substances were initially released from an unidentifiable automobile. Yutkin v. United States Fidelity and Guaranty Co., CT Page 2656497 N.E.2d 471, 474 (Ill.App. 1986); Smith v. Great American Ins. Co.,272 N.E.2d 518, 531 (N.Y.App. 1971); see also Chapman v. State Dept. of Transp. and Dev., 517 So.2d 331, 332 (La.App. 1 Cir. 1987); Wynn v. Doe, 180 S.E.2d 95, 96 (S.C. 1971). Similarly, the arbitrators decision holds that skidding upon anti-freeze does not satisfy the physical contact requirement.
The Streitweiser decision, however, abolished the physical contact requirement. Streitweiser, 219 Conn. at 381. In so doing, the Streitweiser court invalidated the analytical foundation of the arbitrators decision.
For the above reasons, the award is vacated and a rehearing is ordered to determine whether coverage exists in this matter in light of the Streitweiser decision.
JOHN M. BYRNE JUDGE, SUPERIOR COURT