# Illinois Official Reports

## Appellate Court

---

*State Farm Mutual Automobile Insurance Co. v. Benedetto*,
2015 IL App (1st) 141521

---

| | |
|---|---|
| Appellate Court Caption | STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellant, v. JOHN J. BENEDETTO, JR., Defendant-Appellee. |
| District & No. | First District, Third Division<br>Docket No. 1-14-1521 |
| Filed | May 6, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-CH-06573; the Hon. Jean Prendergast-Rooney, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Frank C. Stevens, of Taylor Miller LLC, of Chicago, for appellant.<br><br>Kevin E. O'Reilly, LLC, of Law Offices of Kevin E. O'Reilly, LLC, of Chicago, for appellee. |
| Panel | JUSTICE LAVIN delivered the judgment of the court, with opinion.<br>Presiding Justice Pucinski and Justice Hyman concurred in the judgment and opinion. |

**OPINION**

¶ 1 This interlocutory appeal arises from the trial court's order granting summary judgment to defendant, John J. Benedetto, Jr. On appeal, plaintiff State Farm Mutual Automobile Insurance Company contends that the trial court erroneously granted defendant's motion for summary judgment because wind shear does not constitute physical contact under defendant's motor vehicle insurance policy's uninsured motorist provision and Illinois law. We agree with plaintiff and reverse the judgment of the trial court.

¶ 2                                     BACKGROUND

¶ 3 On April 10, 2003, plaintiff issued a policy of motor vehicle insurance (including uninsured motorist coverage) to defendant for his 2003 Big Dog 1750 motorcycle (the policy). Subsequently, on September 6, 2009, defendant filed an uninsured motor vehicle claim after the motorcycle left the roadway and hit a gravel shoulder, causing defendant and his wife to be thrown from the motorcycle. Defendant avers that wind shear from a still unidentified, passing semi-tractor trailer truck (semi) caused his motorcycle to leave the road. Plaintiff then filed a complaint for declaratory judgment on March 8, 2013, seeking a declaration that there was no uninsured motorist coverage available to defendant, and thus, plaintiff had no obligation to arbitrate his claim. Thereafter, both plaintiff and defendant filed cross-motions for summary judgment on the issue of whether uninsured motorist coverage was available to defendant under the policy.

¶ 4 Both parties stipulated to the arbitration statements of defendant and his wife Colleen Benedetto,[1] which revealed that on the night of the incident, at approximately 7:30 p.m., defendant was operating his motorcycle in or near Chester, Illinois, with his wife Colleen as a passenger. They were traveling west on Highway 150, a two-lane highway, as the motorcycle came to a bend in the road. As defendant entered the curve, a semi coming from the opposite direction crossed over into his lane of travel. Defendant says he swerved to the right and avoided any physical contact with the semi but that his motorcycle was then propelled off the roadway by the wind shear of the passing semi onto a gravel shoulder and into a ditch where they were thrown off the motorcycle, sustaining injuries. For whatever reason, the semi failed to stop and its owner and operator driver remains unknown.

¶ 5 The involved section of the policy in question is commonly referred to as a "hit and run" provision. In defendant's motion for summary judgment, defendant alleged that this policy provision was ambiguous and did not require physical contact between the insured and the unidentified hit-and-run driver to recover under the uninsured motorist provision and that, even if physical contact was required, wind shear sufficed. In turn, plaintiff alleged in its cross-motion for summary judgment that physical contact was required under both Illinois law and the unambiguous insurance policy and that wind shear does not constitute physical contact. The trial court granted defendant's motion, noting that wind shear was sufficient physical contact to invoke coverage under Illinois law. Plaintiff filed this timely appeal.

_____

[1]Colleen Benedetto is not a defendant in this action because she is entitled to uninsured motorist coverage by plaintiff based upon uninsured motorist status and negligence of defendant.

ANALYSIS

Plaintiff contends that the trial court erred in granting defendant's motion for summary judgment because wind shear does not constitute physical contact under the policy and Illinois law. Summary judgment is proper where the pleadings, admissions, depositions and affidavits demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Ioerger v. Halverson Construction Co.*, 232 Ill. 2d 196, 201 (2008); 735 ILCS 5/2-1005 (West 2010). In determining whether a genuine issue of material fact exists, the court must consider such items strictly against the movant and liberally in favor of its opponent. *Williams v. Manchester*, 228 Ill. 2d 404, 417 (2008). We review the trial court's order granting summary judgment *de novo*. *Weather-Tite, Inc. v. University of St. Francis*, 233 Ill. 2d 385, 389 (2009).

Duties of an insured are controlled by the terms and conditions of its insurance contract. *American Country Insurance Co. v. Bruhn*, 289 Ill. App. 3d 241, 247 (1997). In construing an insurance policy, the primary function of the court is to ascertain and enforce the intentions of the parties as expressed in the agreement. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 108 (1992). All provisions of an insurance contract should be read together to determine whether any ambiguity exists. *General Insurance Co. of America v. Robert B. McManus, Inc.*, 272 Ill. App. 3d 510, 514 (1995). If the words in the policy are unambiguous, a court must afford them their plain, ordinary, and popular meaning. *Insurance Co. of Illinois v. Stringfield*, 292 Ill. App. 3d 471, 473-74 (1997). But "if the words in the policy are susceptible to more than one reasonable interpretation, they are ambiguous [citation] and will be construed in favor of the insured." (Internal quotation marks omitted.) *Id.* at 474.

Section III of the policy provides, in pertinent part, as follows:

"We will pay damages for ***bodily injury*** an ***insured*** is legally entitled to collect from the owner or driver of an ***uninsured motor vehicle***. The bodily injury must be sustained by an insured and caused by accident arising out of the operation, maintenance or use of an ***uninsured motor vehicle***.

***Uninsured Motor Vehicle***–means:

\* \* \*

2. a 'hit-and-run' land motor vehicle whose owner or driver remains unknown and which strikes:

a. ***the insured***; or

b. the vehicle the ***insured*** is ***occupying*** and causes ***bodily injury*** to the ***insured***." (Emphases added.)

In addition, section 143a ("Uninsured and hit and run motor vehicle coverage") of the Illinois Insurance Code (Code) requires, in pertinent part, as follows:

"No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle that is designed for use on public highways and that is either required to be registered in this State or is principally garaged in this State shall be renewed, delivered, or issued for delivery in this State unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 7-203 of the Illinois Vehicle Code for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor

- 3 -

vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom." 215 ILCS 5/143a(1) (West 2012).

¶ 11    In the instant case, defendant contends that the policy is ambiguous as to whether the uninsured motorist clause requires physical contact, which is not specifically required under Illinois law. Essentially, defendant argues that the alleged ambiguity would allow coverage for what can fairly be described as a "miss-and-run" accident with wind shear "striking" his vehicle. We disagree. In the seminal case *Ferega v. State Farm Mutual Automobile Insurance Co.*, 58 Ill. 2d 109, 111 (1974), the supreme court determined that physical contact was required under the Code to collect uninsured motorist coverage. In *Ferega*, while the plaintiff was driving at night on a two-lane highway, he turned his vehicle to the right to avoid an oncoming vehicle in his own lane of travel and struck a culvert. *Id.* at 110. Plaintiff tried to collect for his injuries under his policy's uninsured motorist clause, which defined a " 'hit-and-run motor vehicle' " as a vehicle " 'which cause[d] bodily injury to an insured arising out of physical contact of such vehicle with the insured or with a vehicle which the insured [was] occupying at the time of the accident.' " *Id.* The lower courts denied recovery because there had been no physical contact between the plaintiff's vehicle and the unknown hit-and-run motor vehicle as required under the policy.

¶ 12    In its ruling, the supreme court affirmed the lower courts and denied plaintiff's suggestion that the plain language of the statute and the policy should be judicially modified by altering the meaning of the word "hit" so that the element of physical contact was eliminated. *Id.* at 111. In support, the supreme court noted a First District opinion by the late Justice Arthur J. Murphy, disposing of a similar contention, stating as follows:

> " 'The language of the statute is clear and unambiguous, and the legislative intent can be ascertained from its provisions without resort to other aids for construction. [Citation.] We find that the uninsured or hit-and-run motor vehicle coverage required by section 755a, [ch.] 73, was not intended to include unidentified cars that may be present at the scene of an occurrence of bodily injury without a physical contact of the unidentified motor vehicle with the insured or an automobile occupied by the insured.' " *Id.* (quoting *Prosk v. Allstate Insurance Co.*, 82 Ill. App. 2d 457, 461 (1967)).

¶ 13    The supreme court also observed that the statute was "aimed at the avoidance of fraudulent claims." *Id.* Therefore, although there seems to be some confusion as to whether the court intended a physical contact requirement to be permissible in a policy or required by the Code itself, we believe it intended the latter. See *Lemke v. Kenilworth Insurance Co.*, 109 Ill. 2d 350, 354 (1985) (the supreme court reaffirmed *Ferega* and noted that the legislature had amended section 143a of the Code eight times since *Ferega*, and thus, the "legislative inaction subsequent to *Ferega* indicate[d] approval of the reasoning and holding in that case"); *Illinois National Insurance Co. v. Palmer*, 116 Ill. App. 3d 1067, 1069 (1983) (the First District noted that "[i]t [was] well established in Illinois that an insured cannot recover under the hit-and-run provision of the uninsured motorist coverage unless there [was] a physical contact of the unidentified motor vehicle with the insured or an automobile occupied by the insured" (internal quotation marks omitted)); *Kannel v. State Farm Mutual Automobile Insurance Co.*, 222 Ill. App. 3d 1013, 1016 (1991) (the Second District determined that "our supreme court ha[d] upheld the validity of insurance policies affording coverage for personal injuries in accidents caused by hit-and-run drivers only where the unknown vehicle makes physical

contact with the insured or his vehicle"); but see *Groshans v. Dairyland Insurance Co.*, 311 Ill. App. 3d 876, 879 (2000) (the Third District "found that Illinois law [did] not require actual physical contact but merely permit[ted] an insurance policy to require such contact").

¶ 14    Furthermore, we find no ambiguity in the physical contact requirement. The policy specifically states that the "hit-and-run" driver must "strike" the insured. The Merriam Webster dictionary defines "strike" as: (1) "to *hit* (someone or something) in a forceful way"; (2) "to cause (something) to *hit* something in a forceful way"; and (3) "to *hit* (someone or something) with your hand, a weapon, etc." (Emphases added.) http://www.merriam-webster. com/dictionary/strike (last visited Apr. 28, 2015). Thus, under the plain and ordinary meaning of the word "strike," either direct or indirect physical contact is required. Accordingly, under Illinois law and the policy itself, the fact that the semi *did not hit* the motorcycle eliminates the applicability of uninsured motorist coverage under this policy.

¶ 15    The foregoing does not resolve the question of whether wind shear constitutes indirect physical contact. Illinois courts allow recovery for indirect physical contact when either an actual physical object from the hit-and-run vehicle indirectly strikes the insured's vehicle or the indirect contact is a result of a chain of events. See *Hartford Accident & Indemnity Co. v. LeJeune*, 114 Ill. 2d 54, 59 (1986) (the supreme court declined "to require that the 'hit' be direct" when a hit-and-run vehicle hit a third car, which then hit the insured's vehicle); *Yutkin v. United States Fidelity & Guaranty Co.*, 146 Ill. App. 3d 953, 956 (1986) (the allowance of any coverage when indirect physical contact occurs should require "a causal connection consisting of a substantial nexus between the hit-and-run vehicle and the intermediate object"); *Palmer*, 116 Ill. App. 3d at 1071 (where the physical contact requirement was satisfied when a lug nut flew off the hit-and-run vehicle and hit the insured's vehicle).

¶ 16    The trial court's conclusion that wind shear constitutes indirect physical contact is, at best, an etymological and jurisprudential leap in logic. Defendant alleged that *after* he swerved to avoid a direct collision with the semi, his motorcycle was struck by the involved wind shear, forcing him off the road and into a ditch. Bluntly put, any "contact" with air generated by a passing vehicle does not equate to indirect physical contact like a lug nut flying off a hit-and-run vehicle. The suggested wind shear is actually entirely consistent with the line of cases where the insured was denied coverage when he swerved his vehicle and avoided any physical contact with the hit-and-run vehicle. See *Finch v. Central National Insurance Group of Omaha*, 17 Ill. App. 3d 822, 823 (1974) (uninsured motorist recovery was unavailable when the plaintiff was struck and injured by an automobile that crossed the center line into plaintiff's lane of travel after being forced to do so by a negligent unidentified driver); *Ferega*, 58 Ill. 2d at 111 (uninsured motorist recovery was unavailable when the insured swerved into a concrete culvert to avoid a collision with an oncoming vehicle in the insured's lane of traffic); *Scanlan v. Maryland Casualty Insurance Co.*, 203 Ill. App. 3d 340, 346 (1990) (the reviewing court denied uninsured motorist recovery when the hit-and-run vehicle collided with the vehicle directly in front of the insured's vehicle, which forced the insured to swerve off the road).

¶ 17    Furthermore, we find the Louisiana appellate court opinion, *Cochran v. Riggins Heavy Hauling*, 516 So. 2d 1303 (La. Ct. App. 1987), persuasive. In *Cochran*, the plaintiff, whose uninsured motorist provision was identical to the one at issue in this case, alleged that wind generated by a passing truck pushed his vehicle off the road. *Id.* The court determined that wind shear did not satisfy the requirement for physical contact because no part of the truck touched plaintiff's car and "[c]ontact with air generated by a passing vehicle [was] not the kind

of physical contact required by the provision." *Id.* at 1305. Thus, *Cochran* is on point with *Ferega* and Illinois law in that to collect uninsured motorist coverage there must be "actual physical contact with a hit-and-run vehicle" or the "accident occurred as a result of a chain of events in which the hit-and-run vehicle struck an intermediate vehicle." *Id.*

¶ 18       Finally, it merits mention that in order to reduce the obvious potential for fraud, an insured must prove the "*hit*" and it is an abuse of the English language to accept that wind shear from the unidentified semi can be the physical contact that was responsible for striking defendant's motorcycle. See *LeJeune*, 114 Ill. 2d at 59 (where the supreme court noted "a 'hit' must be proved" so as to not "enhance the ability of an insured to blame an occurrence on a 'phantom' motorist"). Accordingly, we find that wind shear does not constitute physical contact under the policy and Illinois law.

¶ 19                                    CONCLUSION

¶ 20       Based on the foregoing, we reverse the judgment of the circuit court of Cook County and remand the case with instructions for the trial court to enter summary judgment for plaintiff.

¶ 21       Reversed and remanded.