2021 IL App (1st) 200875-U

SIXTH DIVISION
May 14, 2021

No. 1-20-0875

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | |
|---|---|
| BALITHA GREENFIELD and JOZETTE PEPPER GREENFIELD, | ) ) ) |
| Plaintiffs-Appellants, | ) Appeal from the ) Circuit Court of Cook County. ) |
| v. | ) 19 CH 4814 ) |
| VANESSA MUNOZ, | ) Honorable Eve Reilly, ) Judge Presiding. |
| Defendant-Appellee. | ) |

JUSTICE CONNORS delivered the judgment of the court.
Presiding Justice Mikva and Justice Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held:* Appeal dismissed for plaintiffs' failure to comply with Illinois Supreme Court Rules.

¶ 2    Plaintiffs Balitha Greenfield and Jozette Pepper Greenfield brought a *pro se* action to quiet title against two defendants: Chicago Title Company (Chicago Title)[1] and Vanessa Munoz, pertaining to the subject property at 821 North Menard Avenue in Chicago. Chicago Title brought a section 2-615 (735 ILCS 5/2-615 (West 2018)), motion to dismiss, as well as a section

---

[1] Chicago Title is not a party to this appeal.

2-619 (735 ILCS 5/2-619 (West 2018)), motion to dismiss. The trial court granted the section 2-615 motion to dismiss, with prejudice. Munoz also filed section 2-615 and 2-619 motions to dismiss. The trial court granted Munoz's section 2-615 motion to dismiss without prejudice on October 15, 2019. Plaintiffs were given until November 12, 2019, to file an amended complaint.

¶ 3     At some point after this, an attorney filed an appearance on behalf of Balitha, but there is no date on the notice in the record. Balitha then filed an amended complaint on November 7, 2019. Her claims against Munoz were entitled, "Complaint Ownership of Land," "Wrongful Taking and Detention Pursuant to 735 ILCS 5/19-129", "Trespass to Chattel," and "Conversion."

¶ 4     Munoz filed a motion to dismiss the amended complaint, in which she detailed the timeline of plaintiffs' "serial litigation" as follows. In 2009, Jozette lost interest in the subject property as the result of a foreclosure action that had begun in 2007. Jozette appealed the judgment in the foreclosure action, and the judgment was affirmed by this court. See *D.B. Structured Products, Inc. v. Jozette Greenfield*, No. 1-09-2488 (April 26, 2011). Jozette then filed a lawsuit in the U.S. District Court for the Northern District of Illinois (09-cv-3576). The District Court dismissed Jozette's complaint, finding that she was precluded from pursuing her claims pursuant to the adjudication on the merits of the foreclosure action and the affirmation of that foreclosure action by this court on appeal.

¶ 5     Jozette filed two additional lawsuits in the U.S. District Court for the Northern District of Illinois asserting similar claims related to the foreclosure of the subject property. Both complaints were summarily dismissed. Jozette appealed these dismissals to the United States Court of Appeals for the Seventh Circuit. The Seventh Circuit affirmed the dismissals. Jozette then filed a petition for *writ of certiorari* to the United States Supreme Court, which was denied.

¶ 6    Jozette was eventually evicted from the subject property. She then filed multiple post-judgment motions in the eviction action seeking to vacate the judgment for possession that had been entered against her on April 24, 2013. The motions were denied. Jozette then appealed the judgment for possession and eviction, and this court dismissed the appeal stating, "any further filings in the [eviction appeal] may be considered civil and/or criminal contempt and be so executed on." *REO Properties Corporation v. Jozette Greenfield*, No. 1-13-3084 (Apr. 24, 2014).

¶ 7    It is unclear why, but another judgment for possession against Jozette was entered on July 9, 2015. Jozette appealed that eviction action, which we dismissed on November 3, 2016. *REO Properties Corp. v. Jozette Pepper Greenfield*, No. 1-15-2163 (Nov. 3, 2016). During the pendency of that appeal, Jozette filed another lawsuit seeking to challenge the rights to the subject property in the Chancery Division. The quiet title action was dismissed with prejudice on July 8, 2016.

¶ 8    Jozette filed several motions to reconsider the dismissal of her quiet title action, which were all denied. She then appealed the dismissal of her quiet title action and on March 24, 2017, and we dismissed her appeal. *Jozette Pepper Greenfield v. REO Properties Corporation*, No. 1-17-0040 (March 24, 2017). Jozette filed two additional lawsuits during the pendency of that appeal.

¶ 9    On May 7, 2018, Balitha filed a section 2-1401 petition (735 ILCS 5/2-1401 (West 2018)) to vacate the order approving the judicial sale of the subject property that had been entered almost 10 years prior in the foreclosure action. The trial court dismissed the petition with prejudice finding that Balitha was not a necessary party to the foreclosure under section 15-1501 of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1501 (West 2018)). We dismissed the

appeal from this order for want of prosecution as Balitha failed to file a brief. *Balitha Greenfield v. REO Properties Corp. et al.*, No. 1-18-1987 (May 8, 2019).

¶ 10    After discussing the history of plaintiffs' lawsuits pertaining to the subject property, Munoz argued in her motion to dismiss that the complaint was barred by *res judicata* because the trial court had entered a final judgment on this issue in the foreclosure action and Munoz was in privity with the previous owners of the property. Munoz also argued that plaintiffs failed to state a cause of action, and that there were no facts presented that would entitle plaintiffs to relief. Finally, Munoz argued that the amended complaint was barred by section 1509(c) of the Illinois Mortgage Foreclosure Law which provides that the vesting of title of deed shall be an entire bar of all claims of parties to the foreclosure. 735 ILCS 5/15-1509(c) (West 2018).

¶ 11    Balitha's attorney filed a motion to withdraw on October 31, 2019, which was granted on December 4, 2019. Plaintiffs hired a different attorney, who appeared on December 30, 2019. The trial court then gave plaintiffs until February 5, 2020, to respond to the motion to dismiss. Thereafter, the trial court again extended the time for plaintiffs to file a motion to dismiss until February 25, 2020, and again until March 17, 2020. Plaintiffs never filed a response to the motion to dismiss, and never asked for an additional extension of time after March 17, 2020.

¶ 12    Jozette filed an amended complaint on July 27, 2020, without requesting leave to file, thereby missing the November 12, 2019, deadline to file her amended complaint.

¶ 13    On August 12, 2020, the trial court held a hearing on Munoz's motion to dismiss. Jozette appeared, but Balitha did not. The trial court found that it had "already found that Balithda did not have an interest in this property," and dismissed with prejudice all claims against defendant and struck Jozette's amended complaint.

¶ 14    Jozette filed a *pro se* notice of appeal on behalf of herself and Balitha on August 12, 2020. Balitha filed a motion to amend the notice of appeal on behalf of herself and Jozette on September 21, 2020. We denied the motion to file an amended notice of appeal, as the motion did not contain a proposed notice of appeal and instead argued the case on the merits. Accordingly, the August 12, 2020, notice of appeal filed by Jozette is the notice of appeal on record in this case.

¶ 15    Based on the August 12, 2020, notice of appeal, Munoz contends that we do not have jurisdiction because Jozette filed the notice of appeal on behalf of both herself and Balitha, and she cannot represent Balitha since Jozette is not an attorney. "A notice of appeal is a procedural device filed with the trial court that, when timely filed, vests jurisdiction in the appellate court in order to permit review of the judgment such that it may be affirmed, reversed or modified." *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 173 (2011). Because the filing of a notice of appeal is the jurisdictional step to initiate appellate review, the reviewing court has no jurisdiction unless there is a properly filed notice of appeal. *People v. Smith*, 228 Ill. 2d 95, 104 (2008).

¶ 16    However, a notice of appeal should be liberally construed and considered as a whole. *Id.* at 104-05. The notice of appeal informs the prevailing party in the trial court that the other party seeks review of the judgment and is sufficient to confer jurisdiction on an appellate court when it fairly and adequately sets out the judgment complained of and the relief sought. *Id.* "An appellant's failure to comply with the form of the notice is not fatal when the deficiency is one of form, rather than substance, and the appellee is not prejudiced." *Smith v. American Heartland Insurance Company*, 2017 IL App (1st) 161144, ¶ 17.

¶ 17    In the case at bar, we find that any failure on the part of plaintiffs to comply with the form of the notice of appeal was not fatal, and we retain jurisdiction over this appeal. Illinois Supreme Court Rule 303(b)(4) (eff. July 1, 2017) states that the notice of appeal "shall contain the name and address of each appellant or appellant's attorney." Here, the caption on the notice of appeal lists the appellants as both Balitha and Jozette, but only lists Jozette's street address. While the notice of appeal is signed by Jozette only, we note that the current version of the rule does not require all appellants to sign the notice of appeal. Ill. S. Ct. R. 303(b)(4) (eff. July 1, 2017).

¶ 18    We do not believe that Jozette filed a notice of appeal on behalf of Balitha, but rather that plaintiffs jointly filed a *pro se* notice of appeal that inadvertently omitted Balitha's address. We find support for this conclusion in the record. For example, the docketing statement lists Balitha as the appellant, and includes only Balitha's address. Plaintiffs' opening brief on appeal lists both Jozette and Balitha as appellants, but states that it was respectfully submitted by "Balitha, *et. al*," and is signed by Balitha only. The address listed under "Balitha, *et al*." is Jozette's address. Additionally, after Balitha filed an application to waive fees, this court advised that if Jozette did not also file an application, our order would only apply to Balitha. Jozette then joined the application and we waived fees for both plaintiffs.

¶ 19    Accordingly, because the only portion of the notice of appeal that was missing was Balitha's address, which was a failure to comply with the form of the notice of appeal, not the substance, and Munoz was not prejudiced by the omissions, we find that the notice was not fatal and we have jurisdiction over this appeal. *Smith*, 2017 IL App (1st) 161144, ¶ 17 ("An appellant's failure to comply with the form of the notice is not fatal when the deficiency is one of form, rather than substance, and the appellee is not prejudiced.")

¶ 20 Before we can reach the merits of this case, however, we must first address Munoz's contention that this appeal should be dismissed for plaintiffs' failure to comply with Illinois Supreme Court Rules 341(h) (eff. Oct. 1, 2020) and 342 (eff. Oct. 1, 2019), governing the content of an appellant's brief. "The rules of procedure concerning appellate briefs are rules and not mere suggestions." *Niewold v. Fry*, 306 Ill. App. 3d 735, 737 (1999). Failure to comply with the rules regarding appellate briefs is not an inconsequential matter. *Burmac Metal Finishing Co. v. West Bend Mutual Insurance Co.*, 356 Ill. App. 3d 471, 478 (2005). The purpose of the rules is to require parties before a reviewing court to present clear and orderly arguments so that the court can properly ascertain and dispose of the issues involved. *Zadrozny v. City of Colleges of Chicago*, 220 Ill. App. 3d 290, 292 (1991).

¶ 21 *Pro se* litigants like plaintiffs are not entitled to more lenient treatment than attorneys. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. In Illinois, parties choosing to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys. *People v. Richardson*, 2011 IL App (4th) 100358, ¶ 12; *In re Estate of Pellico*, 394 Ill. App. 3d 1052, 1067 (2009) ("*pro se* litigants are presumed to have full knowledge of applicable court rules and procedures and must comply with the same rules and procedures as would be required of litigants represented by attorneys.") Illinois courts have strictly adhered to this principle, and a "*pro se* litigant must comply with the rules of procedure required of attorneys, and a court will not apply a more lenient standard to *pro se* litigants." *People v. Fowler*, 222 Ill. App. 3d 157, 163 (1991). "While this court is not bound to enforce strict, technical compliance with the rules where, despite minor inadequacies in an appellate brief, the basis for an appeal is fairly clear [citation], a party's failure to comply with basic rules

7

is grounds for disregarding his or her arguments on appeal." *Epstein v. Galuska*, 362 Ill. App. 3d 36, 39 (2005).

¶ 22    Illinois Supreme Court Rule 341(h)(2) (eff. Oct. 1, 2020), states that an appellant's brief shall contain an introduction paragraph stating "(i) the nature of the action and the judgment appealed from and whether the judgment is based upon the verdict of a jury, and (ii) whether any question is raised on the pleadings and, if so, the nature of the question." While plaintiffs have a "Nature of the Action" section, there is no mention of the judgment appealed from. Instead, it states that this "appeal raises a question of great importance do [*sic*] to covid 19." It then states that two attorneys had to leave their case, and that the trial court should have given them an extension of time to find new counsel. Additionally, there is an "introduction" section later in the brief that appears to be an excerpt of an article that has been copied and pasted verbatim into the brief. The excerpt analyzes section 5/32-13 of the Criminal Code of 2012, which is not a statute that was raised by any party in the underlying action. 720 ILCS 5/32-13 (West 2020). That section of the Criminal Code is entitled "Unlawful clouding of title." It is unclear why the article discussing this statute appears in the introduction section of plaintiffs' brief, unaccompanied by any reference as to where the excerpt came from, and without discussion of any facts of this case or citations to the record.

¶ 23    There are documents throughout plaintiffs' brief, interspersed within the sections of the brief, with no explanation of relevancy, and no indication as to whether the documents are included in the record on appeal. We note that it is improper for a party to include in its brief documents that are not included in the record on appeal. *Pine Top Receivables of Illinois, LLC v. Transfercom, Ltd.*, 2017 IL App (1st) 161781, ¶ 2. Matters not before the trial court will not be considered on appeal. *Garvy v. Seyfarth Shaw LLP*, 2012 IL App (1st) 110115, ¶ 26.

Consequently, any arguments in an appellate brief which rely on documents that are not properly part of the record will be disregarded by the reviewing court. *Id.* Accordingly, we disregard the portions of plaintiffs' brief that rely upon documents not included in the record on appeal.

¶ 24     Rule 341(h)(4)(ii) states that an appellant's brief shall have a jurisdictional statement that states the basis for the appeal, including the supreme court rule that confers jurisdiction upon the reviewing court, as well as "the facts of the case which bring it within this rule or other law," the date that the order being appealed was entered, and "any other facts which are necessary to demonstrate that the appeal is timely." In the case at bar, plaintiffs' jurisdictional statement states, "This Court has jurisdiction under Illinois Supreme Court Rule 301. See Ill. Sup. Ct. R. 301." There are no facts whatsoever explaining which order is being appealed from, or why jurisdiction is conferred under Rule 301.

¶ 25     Rule 341(h)(6) governs the "Statement of Facts," which "shall contain the facts necessary to an understanding of the case." This section requires appellants to state the facts "accurately and fairly, without argument or comment." *Id*. It also requires appellants to include "appropriate reference to the pages of the record on appeal ***." *Id*. In the case at bar, the fact statement reads in full:

> "(9) 'Current beneficiary' means a beneficiary that on the date the beneficiary's
> qualification is determined is a distribute or permissible distribute of trust income
> or principal. The term 'current beneficiary' includes the holder of a presently
> exercisable general power of appointment but does not include a person who is a
> beneficiary only because the person holds any other power of appointment.
> Appellant/Plaintiff Balitha S. Greenfield was the current beneficiary at the
> judgment given on June 2009 by [the trial judge], for this error has caused the

Greenfield Estate Title cloud. The Law clearly shows in favor of

Appellant/Plaintiff's [*sic*]."

¶ 26    This paragraph does not present any facts necessary to an understanding of the case. It is

almost entirely argumentative and fails to cite to any pages of the record on appeal.

¶ 27    Rule 341(h)(7) requires that plaintiffs' argument section "contain the contentions of the

appellants and the reasons therefor, with citation of the authorities and the pages of the record

relied on." Points not argued are forfeited. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Here,

plaintiffs' argument section contains no citations to the record, and no citations to any legal

authority. There is no argument concerning the trial court's grant of Munoz's motion to dismiss,

which is the order that plaintiffs appealed from. Rather, plaintiffs argue that they filed a motion

"14 days before this hearing to explain that a 21 day extension was needed, to allow new counsel

to review and file an appearance." Plaintiffs state, "[f]or this unfair ruling this case should be

returned back to the lower courts for trial or move forward to eviction court id [*sic*] Defendant's

refuse to pay past lot fee until present and so on as the courts see fit."

¶ 28    As discussed above, plaintiffs' second attorney never filed a response to Munoz's motion

to dismiss despite receiving two extensions of time in which to file it. Plaintiffs have not pointed

to any part of the record, and we cannot find any, that indicates they asked for additional time to

file a response after the March 2020 deadline. The next time the court heard from plaintiffs was

at the hearing on Munoz's motion to dismiss on August 12, 2020. It is unclear what plaintiffs are

asking this court to do on appeal. The appellate court "is not merely a repository into which an

appellant may dump the burden of argument and research, nor is it the obligation of this court to

act as an advocate or seek error in the record." (Internal quotation marks omitted.) *U.S. Bank v.*

*Lindsay*, 397 Ill. App. 3d 437, 459 (2009). The vagueness of plaintiffs' argument precludes us

from conducting any meaningful review of its challenge to the trial court's grant of Munoz's motion to dismiss Balitha's amended complaint.

¶ 29    Finally, Illinois Supreme Court Rule 341(h)(9) requires an appellant's brief to include an appendix as described in Illinois Supreme Court Rule 342. Rule 342 states that the appellants' brief shall include, as an appendix, a table of contents to the appendix, the judgment appealed from, any opinion, memorandum, or findings of fact filed or entered by the trial judge, any pleadings or other materials from the record that are the basis of the appeal or pertinent to it, the notice of appeal, and a complete table of contents, with page references, of the record on appeal. Ill. S. Ct. R. 342 (eff. Oct. 1, 2019). The table shall state the nature of each document, order, or exhibit, the date of filing or entry of the pleadings, motions, notices of appeal, orders, and judgments, and the names of all witnesses and the pages on which their direct examination, cross examination, and redirect examination begin. Plaintiffs' brief fails to include an appendix with any of the above information. No reply brief was filed.

¶ 30    We recognize that striking an appellate brief, in whole or in part, is a harsh sanction and is appropriate only when the violations of procedural rules hinder our review. *In re Detention of Powell*, 217 Ill. 2d 123, 132 (2005). Here, where there are no relevant facts listed in the statement of facts, no citations to the record or relevant authority in the brief, and no coherent argument as to why the trial court should not have granted Munoz's motion to dismiss Balitha's amended complaint, we have no choice but to strike the brief and dismiss the appeal. *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 17. Plaintiffs' brief violates Illinois Supreme Court Rules 341(h)(2), 341(h)(4)(ii), 341(h)(6), 341(h)(7), 341(h)(9), and 342. As we have said before, "[r]eviewing courts will not search the record for purposes of finding error ***

when an appellant has made no good-faith effort to comply with the supreme court rules governing the contents of the briefs." *In re Estate of Parker*, 2011 IL App (1st) 102871, ¶ 47.

¶ 31    For the foregoing reasons, we dismiss this appeal for failure to abide by the supreme court rules.

¶ 32    Appeal dismissed.