2023 IL App (1st) 211654-U

No. 1-21-1654

Order filed May 19, 2023

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| SYLVIA ROUVAS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| ECKERT & SMESTAD, LLC, EMILY J. ECKERT, | ) | |
| ADAM B. SMESTAD, MPC LAW GROUP, MELISSA | ) | |
| P. CASEY, LAW OFFICES OF MICHAEL J. NYKAZA, | ) | No. 18 L 6706 |
| and MICHAEL J. NYKAZA, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (Eckert & Smestad, LLC, Emily J. Eckert, Adam B. | ) | Honorable |
| Smestad, Law Offices of Michael J. Nykaza, and Michael | ) | Gerald Cleary, |
| J. Nykaza, Defendants-Appellees). | ) | Judge, presiding. |

JUSTICE LYLE delivered the judgment of the court.
Justices Mitchell and Navarro concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court's judgment granting summary judgment in favor of the defendants
           is affirmed.

¶ 2    The plaintiff-appellant, Sylvia Rouvas, commenced a legal malpractice action against her former attorneys, Emily J. Eckert and Adam B. Smestad, their law firm, Eckert & Smestad, LLC, and the referring attorney, Michael J. Nykaza, and his law firm, the Law Offices of Michael J. Nykaza (collectively "defendants"). The complaint related to the representation in an underlying personal injury action.[1] The trial court granted summary judgment in defendants' favor. On appeal, plaintiff argues *pro se* the trial court erred in finding that her failure to offer expert testimony as to the standard of care was fatal to her legal malpractice claim. We affirm.

¶ 3                             BACKGROUND

¶ 4    There is no transcript as part of the record on appeal. The following background is derived from the common law record, which includes deposition transcripts and pleadings from the underlying litigation.

¶ 5    Eckert & Smestad, LLC, represented plaintiff in an underlying negligence claim against the owners and operators of a mall (the mall-defendants), alleging that plaintiff sustained injuries when she slipped and fell on an ice cream puddle on the floor of the mall. The mall-defendants filed a motion for summary judgment, arguing, in relevant part, that plaintiff failed to show that they had actual or constructive notice of the substance on the floor prior to her fall. The trial court granted summary judgment in favor of the mall-defendants. We affirmed, finding that there was

---

[1] Eckert & Smestad, LLC, retained attorney, Melissa Casey, to draft plaintiff's appellate brief in the underlying personal injury case. Casey and her law firm, MPC Law Group, were also named as defendants in plaintiff's original complaint in this case, but the trial court dismissed them as defendants. Neither is a party to this appeal.

The record also shows the designation of Eckert Law Group, LLC, as Eckert Law Group, LLC f/k/a Eckert & Smestad, LLC.

no genuine issue of material fact regarding actual or constructive notice. *Rouvas v. Harlem Irving Cos.*, 2018 IL App (1st) 163063-U.

¶ 6    On June 28, 2018, through counsel, plaintiff filed a complaint against defendants, alleging legal malpractice in litigating the negligence case. She alleged, *inter alia*, their failures to present evidence and testimony that "should have been presented to defend the Motion for Summary Judgment." On September 17, 2018, plaintiff filed an amended complaint, which was substantially similar to the original complaint.

¶ 7    On October 9, 2018, defendants moved to strike and dismiss plaintiff's amended complaint, arguing plaintiff made no specific allegations as to how defendants could have successfully opposed the mall-defendants' motion for summary judgment.

¶ 8    On November 14, 2018, plaintiff filed a second amended complaint, alleging "professional negligence." She argued defendants failed to obtain evidence from unnamed "key witnesses," including at least one person who notified the mall-defendants of the dangerous condition a significant period of time before plaintiff's fall. In subsequent pleadings, she would later identify this person as Ioannis Karagiannis. [2]

¶ 9    On December 5, 2018, defendants filed their answer to the second amended complaint and attached plaintiff's mother's deposition transcript. In the transcript, she states that Mr. Karagiannis was at the mall with her at all times on the day of the incident and suffered from a brain tumor which impacted his vision significantly and his memory "a lot." She asserted that they did not pass the area of the mall where the incident occurred until after her daughter fell.

---

[2] Mr. Karagiannis is also referred to in the record as John. He is plaintiff's stepfather.

¶ 10    On February 4, 2021, the court entered an agreed case management order, stating that plaintiff "will not be disclosing a [Illinois Supreme Court Rule] 213(f)(3) witness and waives the right to do so."

¶ 11    On July 2, 2021, defendants filed a motion for summary judgment. Defendants argued that plaintiff failed to support her legal malpractice claim with expert testimony as to the standard of care and, therefore, could not establish that defendants breached the standard.

¶ 12    On July 19, 2021, plaintiff's counsels moved to withdraw as attorneys of record. The trial court allowed counsels to withdraw, and plaintiff proceeded *pro se*. On that same date, plaintiff filed a *pro se* "opposition to defendant's motion for summary judgment." Plaintiff argued she was not required to present expert testimony in support of her legal malpractice claim and, in any event, the negligence was "so grossly apparent as to warrant submission to the finder of fact without expert testimony to establish the applicable standard of professional conduct." Plaintiff attached to the motion her affidavit and the affidavit of Mr. Karagiannis.

¶ 13    In Mr. Karagiannis' affidavit, he averred that he went to buy a bottle of water in the mall food court. On the way to purchasing the water bottle, he observed ice cream on the floor near the information desk and informed the two women working at the desk. Approximately 30 minutes later, plaintiff slipped and fell on a puddle of ice cream in front of the information desk.

¶ 14    On August 30, 2021, the trial court granted summary judgment in favor of defendants, finding plaintiff's failure to present expert testimony was fatal to her legal malpractice claim.

¶ 15    On September 28, 2021, plaintiff filed a *pro se* "motion to reopen proofs, reconsider and vacate the court's August 30, 2021, order." On November 30, 2021, the court denied the motion.

¶ 16    On December 20, 2021, plaintiff filed a *pro se* notice of appeal, which listed the date of judgment appealed from as December 18, 2021, and alleged jurisdiction through Illinois Supreme Court Rule 301(a). As relief, plaintiff requested that this court reverse the trial court's judgment and order the trial court to investigate defendants' misconduct and fraud in the case.

¶ 17    On March 10, 2022, defendants filed a motion to dismiss plaintiff's appeal and then filed an amended motion on March 14, 2022, asserting that this court lacked jurisdiction. In the motion, defendants' counsel stated that no order or judgment was entered on December 18, 2021.

¶ 18    On March 16, 2022, plaintiff filed a response to defendants' motion to dismiss, requesting the motion be denied. She did not request leave to file an amended notice of appeal.

¶ 19    On March 18, 2022, this court entered an order denying defendants' motion to dismiss and allowing plaintiff until March 31, 2022, to file an amended notice of appeal correcting any deficiencies in the original notice of appeal.

¶ 20    On March 25, 2022, plaintiff filed a *pro se* amended notice of appeal in the trial court. The amended notice of appeal was filed in this court on March 31, 2022. In the amended notice of appeal, plaintiff listed the dates of the judgments appealed from as September 30, 2021, [3] and November 30, 2021. As relief, plaintiff requested this court to order the trial court to "[v]acate the circuit court's order granting the Defendant's Motion for Summary Judgment and remand the Case back to the Circuit Court for trial."

¶ 21                                   ANALYSIS

¶ 22    This court has an independent duty to consider its jurisdiction. *Johansson v. Glink*, 2021 IL App (1st) 210297, ¶ 35. The timely filing of a notice of appeal is the jurisdictional step that

---

[3] The record on appeal does not reflect that a judgment was entered on September 30, 2021.

initiates appellate review. *Huber v. American Accounting Ass'n*, 2014 IL 117293, ¶ 8. Unless there is a properly filed notice of appeal, we lack jurisdiction over the matter and must dismiss the appeal. *Id.*

¶ 23    Illinois Supreme Court Rule 303(b)(2) (eff. July 1, 2017) provides that a notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." A notice of appeal confers jurisdiction on this court "to consider only the judgments or parts of judgments specified in the notice of appeal." *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011). To confer this court's jurisdiction over a judgment not specified in the notice of appeal, the appellant must amend the notice of appeal to specify the judgment. See *People v. Smith*, 228 Ill. 2d 95, 105 (2008).

¶ 24    The timeliness of a notice of appeal is governed by our supreme court rules. *American Accounting Ass'n*, 2014 IL 117293, ¶ 9. Rule 303(a)(1) (eff. July 1, 2017) requires a party in a civil case to file a notice of appeal with the clerk of the circuit court "within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed, *** within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order."

¶ 25    Rule 303(b)(5) (eff. July 1, 2017) provides that "a notice of appeal may be amended without leave of court within the original 30-day period to file a notice of appeal." Thereafter, a notice of appeal may be amended only on motion filed in the reviewing court within an additional 30-day period after expiration of the original 30-day period. Ill. S. Ct. R. 303(b)(5), (d) (eff. July 1, 2017). After expiration of the additional 30-day period, however, we lack jurisdiction to permit

amendment of the notice of appeal. *Heller Financial, Inc. v. Johns-Byrne Co.*, 264 Ill. App. 3d 681, 688 (1994).

¶ 26    Here, the trial court denied plaintiff's motion to reconsider on November 30, 2021. She timely filed a *pro se* notice of appeal within 30 days, on December 20, 2021. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). In March 2022, defendants moved to dismiss the appeal based on insufficiencies in the notice of appeal, and, on March 16, 2022, plaintiff filed a response. On March 18, 2022, this court denied defendants' motion to dismiss and allowed plaintiff until March 31, 2022, to file an amended notice of appeal. Plaintiff filed her *pro se* amended notice of appeal in the trial court on March 25, 2022.

¶ 27    However, the period for requesting leave to file an amended notice of appeal had expired on January 30, 2022, which was 30 days after expiration of the original 30-day time period for filing a notice of appeal. Ill. S. Ct. R. 303(b)(5), (d) (eff. July 1, 2017); *Heller Financial, Inc.*, 264 Ill. App. 3d at 688. Plaintiff did not file a motion requesting leave to file an amended notice of appeal before January 30, 2022. See Ill. S. Ct. R. 303(b)(5), (d) (eff. July 1, 2017) (a notice of appeal may be amended "only on motion" filed in the reviewing court within the statutorily permissible timeframe). Likewise, plaintiff did not request leave to file an amended notice of appeal in her response, filed on March 16, 2022, to defendants' motion to dismiss. Further, even if we were to consider plaintiff's response as a request for leave to file an amended notice of appeal, that request was untimely filed long after the period for requesting leave to file an amended notice of appeal had expired on January 30, 2022.

¶ 28    As our supreme court has said, even when "well-intentioned," this court "does not have the authority to excuse the filing requirements of the supreme court rules governing appeals." *Secura*

*Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 217-18 (2009). Accordingly, when this court entered its March 18, 2022, order allowing plaintiff to amend her notice of appeal without having timely requested leave to do so within the jurisdictional time period, we improvidently did so as we lacked the authority to permit it. *Heller Financial, Inc.*, 264 Ill. App. 3d at 688. We therefore look to the original notice of appeal and the issues contained within. *Id.* at 688; See *Alpha Gamma Rho Alumni v. People ex rel. Boylan*, 322 Ill. App. 3d 310, 313 (2001) (stating that the court would consider the case based on the original notice of appeal where the amended notice of appeal was untimely).

¶ 29   Although timely filed, the original notice of appeal listed December 18, 2021, as the judgment date appealed from but the record on appeal shows no order or judgment was entered on that date. As to the substance of the original notice of appeal, plaintiff requested this court to "[o]rder the trial Court to conduct an investigation into the misconduct and fraud of the Defendants in this cause of action. (Request the ARDC) to conduct an investigation and grant any other relief that the court finds appropriate." Yet, plaintiff also indicated that it was an appeal pursuant to Illinois Supreme Court Rule 301(a) (eff. Feb. 1, 1994), which corresponds with civil appeals of final judgments, and checked the boxes that she sought to reverse the judgment and send the case back to the trial court.

¶ 30   If we liberally construe the plaintiff's notice of appeal and consider it as a whole, it asks this court to review the final judgment in this case and reverse and remand the case to the trial court. *Smith v. American Heartland Insurance Co.*, 2017 IL App (1st) 161144, ¶ 17 (stating we construe a notice of appeal liberally and consider it as a whole). While the notice of appeal stated it was challenging an order on a date on which an order was not entered, the language of the notice

of appeal arguably refers to the final judgment in this case and presumably the post-judgment order as well. In this case, plaintiff's notice of appeal does not refer to other orders which could cause confusion and instead was a mistake of form not substance. Compare *General Motors Corp.*, 242 Ill. App. 2d 95 (finding that when the appellant filed a notice of appeal where it cited other orders in the record instead of the intended date of the order being appealed from, the appellate court lacked jurisdiction to consider an appeal on that order), with *People v. Hayes*, 2022 IL App (1st) 190881-B, ¶ 17 (finding the appellate court had jurisdiction where an incarcerated defendant listed the date of the order appealed from as the day he received the notice from the clerk rather than the date on the final order). Therefore, the notice of appeal sufficiently informed defendants of the orders that plaintiff sought to have reviewed. *General Motors Corp.*, 242 Ill. App. 2d at 176; See *Lang v. Consumers Insurance Service, Inc.*, 222 Ill. App. 3d 226, 230 (1991) (stating where a notice of appeal is deficient in form, not substance and "the appellee is not prejudiced, the failure to comply strictly with the form of notice is not fatal"). As such, we find that we have jurisdiction to consider this appeal. See *Smith*, 2017 IL App (1st) 161144 (asserting a notice of appeal confers jurisdiction on this court "when it fairly and adequately sets out the judgment complained of and the relief sought."

¶ 31     On appeal, plaintiff contends, *pro se*, that the trial court erred in granting defendants' motion for summary judgment without ruling on the malpractice issue and "sole[l]y on the issues of m[a]terial fact regarding the plaintiff's slip and fall action and agreed order not to disclose an expert witness."

¶ 32     As an initial matter, defendants assert that plaintiff's brief fails to comply with appellate rules of procedure "so significant[ly]" that it renders her arguments "unintelligible" and prejudices

their ability to respond to her contentions on appeal. Nevertheless, defendants responded to the arguments in plaintiff's opening brief.

¶ 33    We agree that plaintiff failed to file a brief in compliance with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020), which governs the form and content of appellate briefs. Among the deficiencies, plaintiff's brief fails to provide a proper statement of jurisdiction, omits a statement of facts, and fails to set forth a clear legal argument supported by citation to pertinent legal authorities. Ill. S. Ct. R. 341(h) (eff. Oct. 1, 2020).

¶ 34    While we acknowledge that plaintiff is proceeding *pro se*, this court will not apply a more lenient standard to *pro se* litigants, and she must comply with the appellate practice rules required of attorneys. *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 45; see *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 528 (2001) ("*Pro se* litigants are presumed to have full knowledge of applicable court rules and procedures, including procedural deadlines with respect to filing motions."). Rule 341(h) provides that an appellant's brief should contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment." Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). The argument "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Pursuant to the rule, a reviewing court is entitled to have issues clearly defined with "cohesive arguments" presented and pertinent authority cited. *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993). "Points not argued are forfeited." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020); See *Vancura v. Katris*, 238 Ill. 2d 352, 373 (2010) (stating "a claim of error that is merely listed but 'argued' will not satisfy the requirements of Rule 341" and is forfeited).

¶ 35    In plaintiff's opening brief, she argues that the trial court erred in granting summary judgment because it allowed her to enter an agreed order which did not permit her to call an expert witness. She did not cite any authority for the contention that the court erred except for a statute regarding medical malpractice claims. She mentioned one case in passing, *Graham v. St. Luke's Hospital*, 46 Ill. App. 2d 147, 158 (1964), when stating "[t]he Court never set a hearing date to determine whether or not this case was so complex that a laymen could not understand the case [and] the court never ordered the Plaintiff to disclose an expert witness." Nowhere in plaintiff's short brief did she cite authority and argue its application to the facts of this case. As such, her argument is forfeited. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). While her brief was deficient to the point that striking the brief and dismissing the appeal would have been appropriate, we find forfeiture is the better route to address this case. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77 (stating where a party fails to comply with Rule 341(h), we may, in our discretion, strike the brief and dismiss the appeal). As a result, we affirm the trial court's grant of summary judgment in favor of defendants.

¶ 36    However, if we were to consider the appeal on the merits as best as they can be understood from plaintiff's brief, the result would be the same.

¶ 37    Summary judgment should be granted only where the pleadings, depositions, admissions, and affidavits on file, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and that the moving party is clearly entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2018); *Nine Group II, LLC v. Liberty International Underwriters, Inc.*, 2020 IL App (1st) 190320, ¶ 34. "A genuine issue of material fact exists where the facts are disputed or where reasonable minds could draw different inferences

from the undisputed facts." *Id*. In appeals from summary judgment rulings, our review is *de novo*, which means we perform the same analysis that a trial court would perform. *Id*.

¶ 38    In a legal malpractice claim, the plaintiff has the burden to prove: (1) the existence of an attorney-client relationship, (2) a breach of a duty arising from that relationship, (3) causation, and (4) damages. *Belden v. Emmerman*, 203 Ill. App. 3d 265, 268 (1990). "The question of whether an attorney has exercised a reasonable degree of care and skill in representing and advising his client is one of fact [citations], and in Illinois the standard of care against which professional actions are measured has been based on expert testimony." *House v. Maddox*, 46 Ill. App. 3d. 68, 71 (1977). "[A]n attorney is liable to his client only when he fails to exercise a reasonable degree of care and skill; he is not liable for mere errors of judgment." *Nelson v. Quarles and Brady, LLP*, 2013 IL App (1st) 123122, ¶ 31 (quoting *Smiley v. Manchester Insurance & Indemnity Co.*, 71 Ill. 2d 306, 313 (1978)). Whether a duty is owed is a question of law, but whether an attorney breached a duty of care owed to his client is a question of fact. *Keef v. Widuch*, 321 Ill. App. 3d 571, 577-78 (2001). "[T]he failure to present expert testimony is typically fatal to the plaintiff's cause of action." *Fox v. Seiden*, 2016 IL App (1st) 141984, ¶ 23.

¶ 39    In rare cases, a plaintiff can prevail on a case of legal malpractice as a matter of law without expert testimony about the "standard of care—cases in which the common knowledge or experience of lay persons is extensive enough to recognize or infer negligence from the facts, or where an attorney's negligence is so grossly apparent that a lay person would have no difficulty in appraising it." (Internal quotations omitted.) *Fox v. Seiden*, 2016 IL App (1st) 141984, ¶ 23.

¶ 40    Here, plaintiff argues that the trial court should have held a hearing as to whether the legal malpractice allegations against defendants was of a nature that could be understood by a layperson.

Plaintiff does not cite any authority stating a separate hearing is necessary to see if the allegations fell under the common knowledge exception as expressed in *Fox*, and her contention does not acknowledge the fact that the trial court did consider the exception in its ruling. As our review is *de novo*, we look at the issue anew without deference to the trial court's ruling. *Nine Group II, LLC*, 2020 IL App (1st) 190320, ¶ 34.

¶ 41     In this case, plaintiff's allegations stem from the fact that defendants did not depose or call Mr. Karagiannis as a witness in her case against the mall-defendants. Defendants argue that it was not obvious that they should have called Mr. Karagiannis as a witness because plaintiff's mother's deposition testimony was that she was with him the whole time that they were at the mall, and they were not near the area of the slip and fall incident prior to it happening. Therefore, there were serious doubts as to his ability to observe the puddle. Moreover, plaintiff's mother testified in the deposition that Mr. Karagiannis had a brain tumor which significantly affected his memory and eyesight. If Mr. Kargiannis was called to testify, his credibility would likely be challenged on each of the aforementioned grounds and likely damage plaintiff's case. The deposition of plaintiff's mother and Mr. Karagiannis' affidavit created a scenario with two witnesses presenting contradictory testimony, in which one witness cast doubt on the vision and memory of the second witness. That did not present a fact pattern "where an attorney's negligence [was] so grossly apparent that a lay person would have no difficulty in appraising it." *Fox*, 2016 IL App (1st) 141984, ¶ 23

¶ 42     Plaintiff claims this case falls under the common knowledge exception. In the cases where courts have found the common knowledge exception applies, the attorneys missed an obvious deadline or failed to take any action whatsoever in a client's case. *House*, 46 Ill. App. 3d at 73;

See also *Sorenson v. Fio Rito*, 90 Ill. App. 3d 368, 374 (1980). Those examples are not similar to the case before us, and this case does not fall under the common knowledge exception. As such, we find that an expert witness was necessary to establish defendants' duty to plaintiff. Therefore, the trial court did not err by not conducting a separate hearing on the common knowledge exception and did not err as plaintiff's claim did not fall within the exception.

¶ 43 Turning to whether the trial court had an obligation to stop plaintiff from entering into an agreed order that was fatal to her case, we note that *pro se* litigants are held to the same standard as attorneys. *U.S. Bank Trust National Ass'n v. Junior*, 2016 IL App (1st) 152109, ¶ 16. In fact, they are presumed to have full knowledge of court procedures and rules as an attorney and expected to comply with them. *Id.*, ¶ 16. In our adversarial system, "in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Greenlaw v. U.S.*, 554 U.S. 237, 243 (2008).

¶ 44 Plaintiff claims that the trial court should have intervened prior to the agreed order if an expert witness was necessary. However, plaintiff is essentially asking for the court to change its role from that of a neutral arbiter to that of an advocate. That is not the court's role even when dealing with *pro se* litigants. Accordingly, we find that the trial court did not err by not alerting plaintiff to the fatal mistake of the agreed order. Moreover, we find that the trial court did not err in granting summary judgment in favor of defendants and affirmed the judgment of the trial court.

¶ 45                                    CONCLUSION

¶ 46 For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 47 Affirmed.